## 64361. THOMPSON v. THE STATE.

SHULMAN, Presiding Judge.

This appeal is from appellant's conviction for forgery in the first degree.

1. In enumerations of error 7, 8, and 9, appellant assails the sufficiency of the evidence. Testimony and documentary evidence produced at trial established that appellant, using the name of another person, procured a loan from a loan company and kept the proceeds. That evidence was sufficient to authorize a reasonable trier of facts to find appellant guilty beyond a reasonable doubt of the offense of forgery in the first degree. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baldwin v. State,* 153 Ga. App. 35 (264 SE2d 528).

2. Appellant's first five enumerations of error all involve the date on which appellant was alleged to have committed forgery. According to appellant, the fact that the indictment alleged that the offense was committed on one date and the evidence showed that it was committed several days later was a fatal variance between the allegata and the probata which demanded an acquittal and which rendered the evidence showing the later date inadmissible. We disagree.

" 'Unless time is an essential element of the offense charged, the time of the commission of the offense alleged in the indictment is immaterial. To sustain a conviction, there must be proof to establish that the offense occurred prior to the return of the indictment and within the statute of limitation. [Cit.]' " *Rosser v. State,* 157 Ga. App. 161, 163 (276 SE2d 672). Time is not an essential element of the offense of forgery in the first degree (Code Ann. § 26-1701) and the proof met the other requirements set out above. It follows that there was no fatal variance between the allegata and the probata and no

error in the admission of the evidence showing a different date for the commission of the offense.

3. Appellant objected at trial to the testimony of a state's witness whose name did not appear on the list furnished to appellant by the district attorney pursuant to a demand for such a list under Code Ann. § 27-1403. Since that witness' name appeared on the indictment, appellant's enumeration of error complaining of the overruling of his objection and the admission of that witness' testimony is without merit. *Hibbs v. State,* 133 Ga. App. 407 (2) (211 SE2d 24).

4. Appellant was indicted as "Floyd Thompson." After the jury found appellant guilty, the trial court entered a sentence in which appellant was identified as "Willie Floyd Thompson." Appellant enumerates that variance as error. Neither appellant nor this court has found any case directly on point to this issue. In view of the fact that the alleged error is so inconsequential, one may understand why it has never before been necessary to address this question. Appellant has alleged no harm to flow from this obviously clerical error, and we can imagine none. No corrective action is necessary.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED OCTOBER 12, 1982.

*P. C. King, Jr.,* for appellant.
*Charles M. Ferguson, District Attorney, David H. Moseley, Assistant District Attorney,* for appellee.