A90A1191. IN THE INTEREST OF W. N. N., a child.
(395 SE2d 354)

DEEN, Presiding Judge.

During the early morning hours of August 5, 1989, the victim looked through his kitchen window, saw a light on in his automobile, noticed that the passenger door was open, and that two people were going through his car. When he went to the front door to investigate, the thieves noticed him. One ran to a nearby car and the other ran across the apartment complex. The victim wrote down the tag number of the automobile as it sped away, and later reported it and the make of the automobile (an Oldsmobile) to an investigating police officer. He also reported $100 as missing from the glove compartment. The tag number was traced to a 1982 Oldsmobile belonging to W. N. N.'s father and determined to be regularly driven by the juvenile. When the officer first called the boy's residence his mother answered and stated that her son had been out the entire night in question, as he was staying with one of his friends. The father later brought the boy in for questioning, but became very upset and terminated the interview. At trial, both parents and W. N. N. testified that he came home before 11:00 p.m. on the night in question and did not leave again. The mother claimed that she thought the officer was asking about a different night when she told him that the child had not come

home. The court found that W. N. N. had committed a delinquent act, placed him on probation, suspended his driver's permit, and required him to attend LODAC. This appeal follows.

1. The evidence, although conflicting, was sufficient to support the trial court's decision. The credibility of the witnesses is solely a question for the trier of fact. *Redd v. State*, 154 Ga. App. 373 (268 SE2d 423) (1980). The evidence showed that appellant had access to an Oldsmobile automobile which matched the tag number of the vehicle that the victim reported as leaving the crime scene with one of the persons who had fled from his automobile. The trial court was authorized by the evidence to find W. N. N. to be in a state of delinquency.

2. The trial court did not use a previous traffic offense in making its findings of fact. The court *observed* that the juvenile had a prior offense, but went on to review the evidence, the credibility of the witnesses, and the interests of the boy and his parents in the outcome of the case before it made its ruling. There is no merit in this enumeration.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JUNE 19, 1990.

*Tillman, McTier, Coleman & Talley, William E. Holland,* for appellant.

*H. Lamar Cole, District Attorney,* for appellee.