A90A1707. TARVER v. THE STATE.
(402 SE2d 365)

McMURRAY, Presiding Judge.

On November 16, 1989, defendant was charged, via accusation, with driving while under the influence of alcohol to an extent which rendered him a less safe driver and unlawfully operating a motor vehicle on the left side of a public road. The offenses allegedly occurred on June 22, 1986. In an "AMENDMENT TO ACCUSATION," filed November 16, 1989, the State alleged that it hereby "amends the accusation filed herein during the March Term, 1986, by striking all the language therein and replacing the same with the language in the document attached hereto as Exhibit 'A' [November 16, 1989, amendment to accusation]."

Defendant filed a subpoena for the production of accusation number 86R-234 and a motion to dismiss and plea in bar. At a hearing on these motions, defense counsel stated that he had "not been provided with a copy of . . . accusation [number 86R-234, but that he had] been provided with a copy of . . . what purports to be an

amendment to the accusation which alleges that [defendant] did on the 22nd day of June, 1986 commit the offense of D.U.I. in count one and count two, left of center." The State's attorney offered to stipulate that accusation number 86R-234 had been lost and explained, "We don't know exactly what happened to it. All we can say — because a diligent search was made — is that it has not been located and cannot be located in the Clerk's Office for some period of time. We can tell from records in the Clerk's Office that this case was on the calendar in one term of court for arraignment, it was continued to the next term of court and never seen again until it came up pursuant to a letter from the Sheriff's Department inquiring as to what happened about the case, we got to looking for it, and that's when we discovered it was no longer in the Clerk's Office." The trial court then examined the Upson County Superior Court Clerk's Criminal Docket Book of 1986 and found a record of accusation number 86R-234, showing that defendant had been charged therein with "DUI" and "Left of Center." Based on this evidence, the trial court denied defendant's motion to dismiss and plea in bar and informed defense counsel that he "might as well take this on up and find out what's going to happen to it." *Held:*

Defendant contends that the trial court erred in denying his motion to dismiss and plea in bar, asserting the State's failure to prove a tolling of the two-year statute of limitation.

"Prosecution for misdemeanors must be commenced within two years after the commission of the crime." OCGA § 17-3-1 (d). " '[T]he key to determining when the statute of limitation begins to run is to find when the offender or offense became known. (Cits.)' *State v. Brannon*, 154 Ga. App. 285, 286-87 (267 SE2d 888) (1980)." *Sears v. State*, 182 Ga. App. 480 (1) (356 SE2d 72). The burden is on the State to prove that a crime occurred within the applicable statute of limitation. *State v. Tuzman*, 145 Ga. App. 481, 483 (3) (243 SE2d 675).

In the case sub judice, the November 16, 1989, accusation was filed more than two years after the alleged traffic offenses of June 22, 1986. However, the State contends that the statute of limitation is no bar because the November 16, 1989, accusation was a valid amendment to the timely filed accusation number 86R-234.

"Prior to trial, the prosecuting attorney may amend the accusation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation." OCGA § 17-7-71 (f). In the case sub judice, the State's evidence proved only that defendant was charged in 1986, via accusation number 86R-234, with "DUI" and "Left of Center." There is no showing that the crimes charged in the November 16, 1989, accusation arose

out of the same conduct which gave rise to the offenses alleged in accusation number 86R-234. Consequently, since the November 16, 1989, accusation was not shown to be a valid amendment to accusation number 86R-234, the trial court erred in failing to dismiss the November 16, 1989, accusation.

*Judgment reversed. Sognier, C. J., and Carley, J., concur.*

DECIDED FEBRUARY 20, 1991.

*Virgil L. Brown & Associates, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.