appellant's recent interest in church-related activities is warmly received. However, it does not change clear and convincing proof supporting the juvenile court's finding that the abuse and neglect of J. R. and A. R. is likely to continue. See *In the Interest of J. L. Y.*, 184 Ga. App. 254, 255 (2), 257 (361 SE2d 246). Appellant has failed to regularly visit or support J. R. and A. R. and she has repeatedly rejected and ignored DFACS services and encouragement for parental rehabilitation. Further, the record reveals that the unknown father's parental rights have been terminated and that no other family members are willing or able to support and care for A. R. and J. R. Under these circumstances, we cannot say the juvenile court erred in terminating appellant's parental rights with regard to J. R. and A. R. See *In the Interest of G. K. J.*, 187 Ga. App. 443 (2), 444 (3) (370 SE2d 490).

A91A1452. IN THE INTEREST OF A. N. S., a child.
(410 SE2d 385)

McMURRAY, Presiding Judge.

A. N. S. was 16 years of age when he was charged, via petition of delinquency, with committing acts upon a 16-year-old victim constituting the offense of rape were he 17 years of age at the time of the occurrence. The case was tried before the juvenile court judge. A. N. S. testified that he experienced sexual intercourse with the victim and that the sex act was consensual. The victim testified that A. N. S. forced himself upon her and that she resisted.

A. N. S. was found to be delinquent and in need of treatment and rehabilitation for committing the acts alleged in the petition. This appeal followed. *Held*:

In three enumerations, A. N. S. challenges the sufficiency of the evidence and argues that the victim's testimony is insufficient to au-

thorize his adjudication of delinquency. This argument is without merit.

"The credibility of the witnesses is solely a question for the trier of fact. *Redd v. State*, 154 Ga. App. 373 (268 SE2d 423) (1980)." *In the Interest of W. N. N.*, 196 Ga. App. 30, 31 (1) (395 SE2d 354). In the case sub judice, the victim testified that she "bit [A. N. S.] on his face [during the sexual assault] and then when he wouldn't stop, [that she] just started scratching him on his back." Detective Monty Mohr of the City of Athens Police Department testified that he interviewed A. N. S. within 11 days after the alleged delinquent act and discovered "some type of abrasion or injury to the left side of [A. N. S.'s] face . . ." and "scratches on his back." This evidence was sufficient to authorize the juvenile court's finding, beyond a reasonable doubt, that A. N. S. committed the delinquent act alleged in the petition. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *In the Interest of A. B.*, 194 Ga. App. 665, 666 (2) (391 SE2d 683).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 13, 1991.

*Richard Dickson, Vicki C. Affleck*, for appellant.

*Harry N. Gordon, District Attorney, Steve C. Jones, Assistant District Attorney*, for appellee.