A93A1113. ANDERSON v. THE STATE.
(438 SE2d 376)

Johnson, Judge.

This is the second appearance of this case before this court. In *Anderson v. State*, 199 Ga. App. 595 (405 SE2d 504) (1991), we affirmed Roy Anderson's conviction of driving a motor vehicle while under the influence of alcohol. On certiorari, however, the Supreme Court reversed, holding that one of the charges given by the trial court may have confused or misled the jury. *Anderson v. State*, 262 Ga. 26, 27 (413 SE2d 732) (1992). Anderson received a new trial, but was again convicted of driving under the influence of alcohol. It is from this conviction and the denial of his motion for a new trial that he now appeals.

1. In his first two enumerations of error, Anderson contends that the trial court erred in denying his motion for a directed verdict of acquittal and in denying his motion for a mistrial. He offers no arguments in support of these assertions of error and has therefore abandoned them pursuant to Court of Appeals Rule 15 (c) (2). Moreover, after reviewing the entire record, we conclude that the court did not err in denying Anderson's motions for a directed verdict of acquittal or mistrial.

2. Anderson contends that the court erred in directing the "redrawing of the accusation during the course of the trial." The original accusation in this case showed Anderson's blood-alcohol content to be 9.12 percent. Sometime prior to the first trial in December 1989, that percentage was changed to 0.12 percent to correct what was obviously a clerical error. We do not believe that this correction of what was clearly a typographical error rises to the level of an amendment. However, even if it could be considered an amendment, such a change would be authorized. " 'Prior to trial, the prosecuting attorney may amend the accusation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation.' " *Tarver v. State*, 198 Ga. App. 634, 635 (402 SE2d 365) (1991); OCGA § 17-7-71 (f). This corrected accusation was served on Anderson in December 1989, nearly three years before the second trial. Anderson had more than enough time to prepare for trial under the corrected accusation. See *Shults v. State*, 195 Ga. App. 525, 527 (1) (394 SE2d 573) (1990) (holding an accusation amended so as to charge defendant under another subsection of same Code section eight days before trial not defective).

Moreover, Anderson did not make a proper or timely objection to the form of the accusation. While he knew about the correction prior to the first trial in 1989, Anderson made no motion to dismiss or quash and in fact never even objected to the change prior to either the 1989 or the 1992 trial. Such an objection to an accusation must be made before arraignment and is deemed waived if not made at the proper time. *Scott v. State*, 207 Ga. App. 533, 535 (428 SE2d 359) (1993). He has thus waived his right to do so. We find no error.

3. Anderson complains that the court erred in refusing to allow a State's witness to respond to questions on cross-examination regarding the contents of a hospital record without first tendering the document into evidence. Anderson made no exception to the ruling, and in fact acquiesced in the ruling and cannot now complain of error. See *Whisnant v. State*, 178 Ga. App. 742, 744 (2) (344 SE2d 536) (1986).

4. Anderson complains that the court erred in charging the jury that should they find that a witness made a prior inconsistent statement and that such statement is material to the case, then the jury is

authorized to consider that prior statement for impeachment purposes, and also as substantive evidence. The charge is supported by the evidence and is a correct statement of the law. See *Johnson v. State*, 185 Ga. App. 505, 506 (1) (364 SE2d 893) (1988). We find no error.

5. During its deliberations the jury asked the court the following question: "Does one officer signing another officer's name, without notifying such, invalidate the document?" This question pertained to a hospital's request for blood form upon which one police officer had signed the name of the police officer in charge of the case without his express authorization. In response to the jurors' question, the court charged them that the validity of the hospital document was not necessary to their determination of Anderson's guilt or innocence. Anderson contends that the court erred in charging the jurors that they need not consider the validity of the document in performing their duty. This contention is without merit. It is the function of the jury to determine questions of fact. See *Wright v. State*, 199 Ga. App. 718, 721 (4) (405 SE2d 757) (1991). The "validity" of the document is a legal question to be decided by the trial judge at the time it was introduced into evidence. Here, the judge implicitly found that the proper foundation had been laid for allowing the document into evidence and admitted it upon Anderson's request. Anderson cannot now complain that the document he offered in evidence was inadmissible. See *Smith v. State*, 189 Ga. App. 244, 245 (2) (375 SE2d 496) (1988).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 1, 1993 —
RECONSIDERATION DENIED NOVEMBER 17, 1993 — 

*Harrison & Harrison, G. Hughel Harrison, Samuel H. Harrison,* for appellant.

*Gerald N. Blaney, Jr., Solicitor, Rosanna Szabo, Richard E. Thomas, Assistant Solicitors,* for appellee.