A99A2081. VANORSDALL v. THE STATE.
(528 SE2d 312)

RUFFIN, Judge.

Douglas Vanorsdall was convicted of driving under the influence of alcohol to the extent that it was less safe for him to drive.[1] He appeals, challenging the sufficiency of the evidence and asserting numerous errors with respect to the form of the accusation. Because each of his enumerations of error is meritless, we affirm.

1. When a defendant challenges the sufficiency of the evidence on appeal from a criminal conviction, we must view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence.[2] On appeal, we do not weigh the evidence or determine the credibility of witnesses but simply determine whether the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of the offense charged.[3]

Officer G. W. Garrison, the only witness at trial, testified that at about 12:30 a.m. on November 19, 1997, he saw a car traveling at about 50 mph in a 35-mph zone. He stopped the car, which was being driven by Vanorsdall. Garrison approached the car and asked to see Vanorsdall's driver's license. Garrison saw two open bottles of beer in the car, one on the passenger side and the other under the driver's feet. He testified that both bottles were cool to the touch and that it appeared that some beer had been spilled on the carpet on the driver's side. Garrison smelled alcohol coming from the vehicle and saw that Vanorsdall's eyes were red and bloodshot.

After Vanorsdall denied that he had been drinking any alcoholic beverages, Garrison asked if he would step out of the car and submit to field sobriety tests. Garrison testified that Vanorsdall was "very defiant and every time I asked him to do something he wanted to know why and he wouldn't do it right away, but he did agree to do it on his own." He testified that Vanorsdall's pupils were dilated, which in his experience was "common among individuals who are on depressants, such as alcohol." He also testified that he smelled "a

---

[1] He was also found guilty of violating the open container law, but the trial court merged that offense with the DUI conviction.

[2] *House v. State*, 236 Ga. App. 405 (512 SE2d 287) (1999).

[3] Id.; see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

moderate odor of alcohol coming from [Vanorsdall's] breath." Vanorsdall told Garrison that he had taken an antidepressant pill about six and a half hours earlier.

Vanorsdall agreed to perform a horizontal gaze nystagmus test. Garrison testified that, in this test, an officer looks for six clues that an individual is under the influence. Vanorsdall demonstrated all six clues, including lack of smooth pursuit and an involuntary jerking in both eyes. In Garrison's opinion, the test indicated that Vanorsdall was under the influence of alcohol.

Garrison also asked Vanorsdall to submit to a "nine-step walk and turn test." Although Vanorsdall claimed that he had an old knee injury from football, he agreed to submit to the test. Garrison testified that Vanorsdall was unable to keep his balance while standing with his right foot in front of his left and that he was unable to walk in a straight line as directed. According to Garrison, Vanorsdall demonstrated six out of eight possible indicators of alcohol impairment.

Garrison also asked Vanorsdall to touch his index finger to the tip of his nose. Vanorsdall was unable to complete this exercise successfully with either hand. Vanorsdall refused to submit to a one-leg stand test or an alco-sensor test.

Garrison testified that, in his opinion, Vanorsdall was under the influence of alcohol to the extent that he was a less safe driver. He informed Vanorsdall that he was under arrest and tried to place him in the backseat of the police car. It took Garrison several minutes to get Vanorsdall into the car, as Vanorsdall argued that he was not intoxicated. Once Vanorsdall was seated in the police car, Garrison read him the statutory implied consent notice. Garrison asked Vanorsdall to submit to a chemical test of his blood, but Vanorsdall refused to consent.

The evidence was sufficient to support Vanorsdall's conviction for driving under the influence. Although no blood test was performed, there was ample circumstantial evidence to support Officer Garrison's opinion that Vanorsdall was under the influence of alcohol.[4] In addition to Vanorsdall's inability to pass several field sobriety tests, the odor of alcohol on his breath, and his bloodshot eyes and dilated pupils, the fact that he refused to submit to a blood test "is circumstantial evidence of his intoxication."[5] Although Vanorsdall suggests in his brief that he might have been under the influence of a drug other than alcohol, he failed to present any expert testimony regarding the possible effect of the pill he allegedly took several hours

---

[4] See *Rayburn v. State*, 234 Ga. App. 482, 483 (1) (506 SE2d 876) (1998) (conviction for DUI may be based on circumstantial evidence).

[5] *Lucas v. State*, 234 Ga. App. 534, 535 (1) (507 SE2d 253) (1998).

before the arrest. Viewed in the light most favorable to the verdict, the evidence was sufficient to support his conviction.[6]

2. In three separate enumerations, Vanorsdall raises various issues regarding the accusation upon which he was tried. Before addressing these issues, it is necessary to set forth the relevant facts.

On November 20, 1997, the State filed three Uniform Traffic Citations charging Vanorsdall with driving under the influence of alcohol, violating the open container law, and speeding. Vanorsdall filed a waiver of arraignment on each of the charges on December 19, 1997. At the same time, he filed a plethora of apparently boilerplate motions, including a "Motion to Quash Accusation" which alleged that "[t]he above numbered accusation [no number was given] does not charge this Defendant with any crime." On January 27, 1998, the State filed formal accusations for each of the three charges, containing the same case numbers as the UTCs. The accusation relating to Count 1 (driving under the influence of alcohol), however, contained a typographical error by using the word "her" instead of "him." In relevant part, the accusation read as follows:

> June D. Green, the Solicitor of the City Court of Atlanta . . . does hereby charge and accuse Douglas F. Vanorsdall with the offense of Driving Under the Influence of Alcohol, a misdemeanor, for that the said accused . . . did drive or was in actual physical control of a moving vehicle while under the influence of alcohol to the extent that it is less safe for *her* to drive. . . .

(Emphasis supplied.)

A jury trial was originally scheduled for May 6, 1998. Before the start of trial, Vanorsdall moved to quash Count 1 of the accusation because of the gender error. He also claimed the accusation was defective because it identified the accused as "Douglas F. Vanorsdall" instead of "Douglas F. Vanorsdall, II." The trial court denied the motion on both grounds. Vanorsdall then waived his right to a jury trial and stipulated to a bench trial on the charges. At Vanorsdall's request, the trial court then granted a continuance of the trial.

On July 21, 1998, the State filed an amended accusation with respect to Count 1, correcting the typographical error. The State also added two new counts, numbered 4 and 5. The State served Vanorsdall with these documents on July 20, 1998. Trial was scheduled for September 3, 1998. Before the start of trial, Vanorsdall's counsel informed the court that he was ready to proceed on the original three counts but said that "[Vanorsdall] didn't waive his right to a jury trial

---

[6] See *Scott v. State*, 230 Ga. App. 522, 524 (1) (496 SE2d 494) (1998).

on any of these charges . . . that were filed in Court July 21st. . . . [W]e would object to the defendant being placed on trial on these charges that were filed in July of this year."

The prosecutor then pointed out that, with respect to Count 1, the amended accusation was the same count as originally filed but simply corrected the typographical error by changing "her" to "him." Vanorsdall's counsel did not raise any further objection to proceeding with Count 1. The State agreed to nol pros Counts 4 and 5. The court then said, "We're going [to] proceed to trial on Counts 1, 2 and 3. Ready to proceed?" Vanorsdall's counsel replied, "Yes, your Honor."

Following a bench trial, the trial court found Vanorsdall guilty of the DUI and open container charges but acquitted him of speeding. The court merged the open container conviction into the DUI conviction. With respect to Count 1, the trial court entered its disposition and sentence on the back of the amended accusation. The court then wrote "Nol Pros" on the back of the original January 27, 1998 accusation.

(a) In one enumeration of error, Vanorsdall contends that his conviction on Count 1 must be set aside because he "was not arraigned on [the amended] accusation, did not plead guilty to this charge, did not waive his right to a jury charge and was not in fact tried on this accusation." According to Vanorsdall, he did not agree to proceed to trial on the amended accusation but only agreed to proceed to trial on the accusation as originally filed. This contention is without merit.

We note that the amended accusation did not set forth a new or different charge but simply corrected a typographical error in the original accusation. In *Anderson v. State*,[7] we questioned whether "correction of what was clearly a typographical error [in an accusation] rises to the level of an amendment."[8] However, we noted that

> even if it could be considered an amendment, such a change would be authorized. " 'Prior to trial, the prosecuting attorney may amend the accusation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation.' "[9]

Vanorsdall cites no authority for the proposition that the mere correction of a typographical error in an accusation requires the State to

---

[7] 211 Ga. App. 2, 3 (2) (438 SE2d 376) (1993).
[8] Id.
[9] Id., quoting *Tarver v. State*, 198 Ga. App. 634, 635 (402 SE2d 365) (1991).

arraign a defendant a second time before proceeding to trial or entitles a defendant to reassert, on the day of trial, a previously waived demand for jury trial.[10] Indeed, we have previously held that an accusation may be amended to correct a typographical error in the middle of trial.[11]

Moreover, the record shows that Vanorsdall clearly acquiesced in going forward with a nonjury trial on the amended accusation. After his attorney objected to proceeding to trial on "these charges that were filed in July," the prosecutor pointed out that the new Count 1 was simply an amendment of the original charge and the two new charges were dropped. Vanorsdall's attorney did not thereafter indicate that he still objected to proceeding to trial on the amended Count 1 but gave the impression that his concerns were resolved by the elimination of the two new charges. Indeed, when asked if he was ready to proceed with Counts 1, 2, and 3, he simply responded, "Yes, your Honor." It is well settled that "[a] litigant cannot acquiesce in a ruling and then complain of the ruling on appeal."[12] Accordingly, Vanorsdall cannot now complain that he was denied his right to arraignment or to a jury trial with respect to the amended accusation.

(b) In a separate enumeration of error, Vanorsdall contends that the trial court erred in denying his motion to quash the January 27, 1998 accusation because it used the word "her" instead of "him." As Vanorsdall sees it, the word "her" is not a typographical error but must have been intended to refer to June D. Green, the solicitor, since she was the only female mentioned in the body of the accusation. Under Vanorsdall's logic, the accusation thus accused him of driving a vehicle while under the influence of alcohol to the extent that it was less safe for June D. Green to drive. Therefore, Vanorsdall asserts, "the [January 27, 1998] accusation upon which the appellant was tried should have been quashed."

Vanorsdall's analysis suffers from a myriad of flaws, including two major ones: (1) his construction of the original January 27, 1998 accusation could not possibly be believed by anyone of common sense; and (2) he was not in fact tried under the January 27, 1998 accusation. Passing over the first flaw, we point out that, as discussed above, the accusation was amended to correct the clear typographical error and restore to Vanorsdall his rightful gender, and it was upon

---

[10] See *Hansen v. State*, 222 Ga. App. 537, 539 (3) (474 SE2d 735) (1996) (defendant who allows attorney to waive right to jury trial cannot revoke waiver in such manner as to delay trial).

[11] See *Anderson*, supra; see also *Melton v. State*, 174 Ga. App. 461 (1) (330 SE2d 398) (1985) (upholding amendment to accusation made after jury selection).

[12] *Kellogg v. State*, 233 Ga. App. 817, 818 (505 SE2d 794) (1998).

the amended accusation that he was tried and convicted. Thus, any defect in the original accusation was remedied.[13]

(c) As discussed above, after convicting Vanorsdall of DUI, the trial court entered its disposition and sentence on the back of the amended accusation. For an unexplained reason, the court then wrote the words "Nol Pros" on the back of the original, superseded accusation. Vanorsdall contends that his DUI conviction must be set aside "because the charge is contained in Count 1 of the [January 27, 1998] accusation which shows on its face that it was nolle prosequied." This contention is without merit, as Vanorsdall was not tried and convicted on the original accusation but on the amended one. The entry of a "nol pros" on the original accusation can be regarded only as superfluous since it had been superseded by the amended accusation.

(d) Finally, Vanorsdall contends that the trial court should have quashed the accusation because it referred to the accused as "Douglas F. Vanorsdall" instead of "Douglas F. Vanorsdall, II," which he contends is his true legal name. However, "[a] defendant may be indicted properly under a name by which he is generally known and called, whether this be his true name or not." Vanorsdall does not contend that the accusation did not correctly identify the name by which he is commonly known.[14] Accordingly, the trial court did not err in refusing to quash the accusation.[15]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 19, 2000.

*Virgil L. Brown & Associates, Bentley C. Adams III*, for appellant.

*Joseph J. Drolet, Solicitor, Julie A. Kert, Ebony A. Phillips, Assistant Solicitors*, for appellee.

---

[13] See generally *Melton,* supra ("The defendant was not tried on the original accusation but on the amended one.").

[14] Indeed, Vanorsdall himself did not include the Roman numerals when signing his appeal bond, and his own attorney referred to him in correspondence as "Douglas Vanorsdall." Vanorsdall's driver's license also does not include any Roman numerals.

[15] See generally *Thompson v. State,* 163 Ga. App. 828, 829 (4) (296 SE2d 123) (1982) (holding that it was "inconsequential" that a defendant was indicted under the name "Floyd Thompson" and sentenced under the name "Willie Floyd Thompson").