A00A0530. IN THE INTEREST OF J. W. L., a child.
(531 SE2d 169)

JOHNSON, Chief Judge.

A delinquency petition was filed in the juvenile court alleging that when J. W. L. was 14, he committed acts that, if committed by an adult, would constitute the crimes of rape and statutory rape. An adjudicatory hearing on the petition was held before the juvenile court, which found that J. W. L. had committed the alleged delinquent acts.

J. W. L. appeals, arguing that the delinquency adjudication on the rape charge must be reversed because there is insufficient evidence that he used force against the 14-year-old victim. The argument is without merit because there is sufficient evidence to support the juvenile court's ruling.

In considering the sufficiency of the evidence supporting a juvenile court adjudication of delinquency, we apply the same standard of review that is used in any criminal case.[1] That is, we construe the evidence in favor of the adjudication to determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged.[2]

Construed in favor of the adjudication of delinquency, the evidence establishes that J. W. L. and the victim, who is mildly intellectually disabled, were students at the same high school. On April 14, 1999, a school officer viewed a security videotape which shows J. W.

[1] *In the Interest of M. G.,* 233 Ga. App. 23 (503 SE2d 302) (1998).
[2] *In the Interest of T. T.,* 236 Ga. App. 46 (1) (510 SE2d 901) (1999).

L. pulling the victim into the boys' locker room. School officials contacted the victim's mother about the videotape, and the mother immediately took the victim to the hospital.

A nurse at the hospital examined the victim and found two tears and an abrasion on her vaginal area. According to the nurse, these types of injuries do not normally occur as a result of consensual sex. The nurse also testified that the victim told her that her assailant had pulled her into the locker room, that she told him "no" and tried to get away from him, that he pulled her legs out from under her and removed her underwear, that he had sexual intercourse with her, that he told her not to tell anyone about the incident, and that she was afraid that he would hurt her.

At the delinquency hearing, the victim testified that she had told J. W. L. that she did not want to have sex at the school, but when he pulled down her underwear, she had sex voluntarily. She also testified that she had not wanted to go into the locker room with J. W. L. and that he had dragged her into the locker room.

"Force, as an element of rape, need not be proven by evidence of physical violence. Evidence of a victim's lack of resistance induced by fear authorizes a finding of force."[3] In this case, the juvenile court was authorized to find physical violence based on the evidence that J. W. L. pulled the victim against her will into the locker room and pulled her legs out from under her once inside the locker room. Moreover, the court was authorized to find that the victim's lack of resistance once J. W. L. pulled her into the locker room was induced by fear. The court therefore was justified in finding the force element of rape. Because there was sufficient evidence of force, J. W. L. has shown no error, and the adjudication of delinquency must be affirmed.[4]

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED MARCH 13, 2000.

*Edward F. Smith*, for appellant.
*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney*, for appellee.

---

[3] (Citations and punctuation omitted.) *Gilmer v. State*, 234 Ga. App. 309, 311 (3) (506 SE2d 452) (1998).
[4] See *In the Interest of S. R. B.*, 211 Ga. App. 336 (439 SE2d 105) (1993); *In the Interest of A. N. S.*, 201 Ga. App. 201, 202 (410 SE2d 385) (1991); *J. B. v. State of Ga.*, 171 Ga. App. 373-374 (1) (319 SE2d 465) (1984).