A02A0107. IN THE INTEREST OF R. S., a child.
(559 SE2d 143)

ELLINGTON, Judge.

The Juvenile Court of Butts County adjudicated R. S. delinquent after finding that the teenager committed a designated felony, trafficking in cocaine, OCGA § 16-13-31 (a) (1), and that he possessed marijuana with intent to distribute, OCGA § 16-13-30 (j) (1). R. S. appeals, contending the evidence was insufficient to support the judgment. We affirm.

> In juvenile proceedings, the standard of proof on charges of a criminal nature is the same as that used in criminal proceedings against adults — proof must be beyond a reasonable doubt. On review of the sufficiency of the evidence to support an adjudication of guilt, that view of the evidence most favorable to the State must be taken, for every presumption and every inference [are] in favor of the verdict or adjudication. Where there is a conflict in the evidence, the credibility of the witnesses is for the judge's determination,

where the trial judge hears the case without intervention of a jury. This applies to juvenile court proceedings on petitions alleging delinquency.

(Citations and punctuation omitted.) *In the Interest of J. T. M.*, 200 Ga. App. 636, 637 (409 SE2d 256) (1991). See also *In the Interest of J. W. L.*, 242 Ga. App. 749 (531 SE2d 169) (2000); OCGA §§ 15-11-56 (a) (formerly § 15-11-33 (a)); 15-11-65 (a) (formerly § 15-11-33 (c)).

The evidence presented showed that R. S. lived with his mother in Butts County. The county sheriff's office received numerous complaints that drugs were being sold from the house. Investigators set up surveillance of the house and observed R. S. make several apparent "hand-to-hand" drug sales with individuals who drove their cars into the driveway. A confidential informant participated in a controlled buy in which he purchased $50 worth of cocaine from R. S.

Shortly thereafter, on March 22, 2001, officers executed a no-knock search warrant at the house. Upon entering the house pursuant to the warrant, an officer observed R. S. walking out of the bathroom near the bedrooms. R. S. immediately put his hands up and "went down" on the floor. R. S.'s cousin was near the front door and was ordered to lie down on the floor. During a weapons sweep of the house, officers discovered a dark sock that contained crack cocaine floating in the bathroom toilet. R. S.'s cousin had seen R. S. earlier in the day holding a similar-looking black sock that he believed contained drugs. An officer testified that it is unusual to store cocaine in a toilet and that, in his opinion, someone put it there in order "to get rid of the evidence." Officers found marijuana on the bathroom counter. They also discovered a cigar box which contained eight individually wrapped "quarter ounce bags" of marijuana and a small package of crack cocaine on top of a freezer. During an earlier detention hearing, R. S. had admitted that the cigar box belonged to him. The total weight of the cocaine was 38.7 grams, and the marijuana weighed a total of 34.7 grams.

We find that the evidence presented was sufficient to demonstrate that R. S. was, at a minimum, in constructive, joint possession[1] of both the marijuana and cocaine in amounts sufficient to support the charges which were the basis of the adjudication of his delinquency. See OCGA §§ 16-13-30 (j) (1); 16-13-31 (a) (1); *Smith v. State*, 235 Ga. App. 223, 226 (510 SE2d 295) (1998); *Shropshire v. State*, 201 Ga. App. 421, 422 (411 SE2d 339) (1991) (defining constructive joint possession).

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

---

[1] R. S.'s cousin was in the house during the execution of the warrant.

DECIDED JANUARY 23, 2002.

*Juliet K. Rowell*, for appellant.
*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.