586 S.E.2d 381 (2003)
262 Ga. App. 722
In the Interest of J.A.F., a child.
No. A03A1541.
Court of Appeals of Georgia.
August 12, 2003.
*382 Eric A. Ballinger, Waleska, for appellant.
Garry T. Moss, Dist. Atty., Wallace W. Rogers, Jr., Asst. Dist. Atty., for appellee.
JOHNSON, Presiding Judge.
This appeal from a juvenile court adjudication of delinquency challenges a change made to the petition charging delinquency and the sufficiency of the evidence supporting the court's finding of delinquency. The challenges are without merit, so we affirm the judgment of the juvenile court.
In January 2000, 13-year-old J.A.F. was adjudicated delinquent for simple assault, and in June of that year he committed a simple battery. In February 2002, the juvenile court adjudicated him delinquent for violating his probation. In an order designated as Case No. 028-01J-1604, the court again placed J.A.F. on probation with various terms and conditions. Among those terms and conditions, the court ordered that J.A.F. attend school regularly and have no unexcused absences from school.
On October 15, 2002, J.A.F.'s probation officer filed a complaint alleging that J.A.F. had violated the school attendance conditions of probation set forth in Case No. 028-01J-1604. Based on that complaint, a formal petition charging J.A.F. with delinquency was filed in the juvenile court. The petition alleged that J.A.F. had violated the terms of his probation because he had been suspended and thus had failed to attend school from September 12, 2002, to October 15, 2002. In setting forth the allegations, the petition incorrectly identified the prior order of probation as Case No. 028-01J-01609, as opposed to the correct number of 028-01J-1604.
J.A.F. denied the probation violation charge and proceeded to a hearing before a juvenile court judge. The first witness called by the state at the hearing was a probation officer. She clarified that J.A.F. was on probation pursuant to the prior case number ending in 1604, not 1609 as inaccurately set forth in the petition. The state then moved to amend the error contained in the petition, and the court granted the motion.
The state next called to the witness stand a social worker for the county school system who investigates student attendance problems and is the custodian of attendance records. He testified that J.A.F. began school on August 13, 2002, and was withdrawn from school a month later, on September 12, 2002, due to excessive absences. The social worker provided the school withdrawal form, which shows that J.A.F. was absent from school on nine days.
The final witness was J.A.F.'s mother. When asked why J.A.F. had not gone to school, she testified that she had no explanation. She said that she enrolled J.A.F. in a night school after his withdrawal for excessive absences, but he also had absences there and got no credit from the night school. She then enrolled him in another high school, but he missed a number of days there, too.
The juvenile court adjudicated J.A.F. delinquent, finding that he had violated his probation by not attending school regularly. J.A.F. appeals.
1. J.A.F. claims that the court erred in failing to continue the proceedings after allowing the state to amend the petition by changing the number of the case for which he was on probation. It is true that where the state amends a delinquency petition to add charges, "the court shall grant the parties such additional time to prepare as may be required to ensure a full and fair hearing."[1] Here, however, the state did not amend the petition to add charges. Rather, it merely corrected an obvious clerical error in the petition. The correction of such a typographical error does not rise to the level of an amendment mandating a continuance.[2] *383 Moreover, because J.A.F. made no showing whatsoever that his ability to defend the charge was prejudiced by the correction to the petition, we find no error.[3]
2. J.A.F. contends that there is insufficient evidence to support the adjudication of delinquency.
In considering the sufficiency of the evidence supporting a juvenile court adjudication of delinquency, we apply the same standard of review that is used in any criminal case. That is, we construe the evidence in favor of the adjudication to determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged.[4]
Construed in favor of the finding of delinquency, the evidence in the instant case plainly shows that J.A.F. violated his probation by failing to attend school regularly. And in spite of the fact that his repeated absences resulted in his forced withdrawal from school, J.A.F. continued to miss school once he was reenrolled. Because there is sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that J.A.F. violated his probation, the adjudication of delinquency will not be disturbed.
Judgment affirmed.
ELDRIDGE and MIKELL, JJ., concur.
NOTES
[1] (Citation, punctuation and emphasis omitted.) In the Interest of D.W., 232 Ga.App. 777, 778(1), 503 S.E.2d 647 (1998).
[2] See Anderson v. State, 211 Ga.App. 2, 3(2), 438 S.E.2d 376 (1993).
[3] See Melton v. State, 174 Ga.App. 461, 462(2), 330 S.E.2d 398 (1985).
[4] (Footnotes omitted.) In the Interest of J.W.L., 242 Ga.App. 749, 531 S.E.2d 169 (2000).