A06A1308. IN THE INTEREST OF B. J. C., a child.
(635 SE2d 833)

BERNES, Judge.

B. J. C., a juvenile, appeals from an order adjudicating him delinquent for having in his possession less than one ounce of marijuana in violation of the Georgia Controlled Substances Act, OCGA § 16-13-30 (a). B. J. C. argues that the evidence was insufficient to support the juvenile court's order. Finding no error, we affirm.

When reviewing the sufficiency of the evidence in a juvenile proceeding alleging delinquency,

> that view of the evidence most favorable to the State must be taken, for every presumption and every inference are in favor of the verdict or adjudication. Where there is a conflict in the evidence, the credibility of the witnesses is for the judge's determination.

(Citations omitted.) *In the Interest of R. S.*, 253 Ga. App. 409, 409-410 (559 SE2d 143) (2002).

So viewed, the evidence presented showed that on July 13, 2005, an officer was on foot patrol performing a security check in the parking lot of B. J. C.'s apartment complex because he had received information that there had been drug activity in the area. The officer observed a parked vehicle with several males seated inside and saw the driver of the vehicle holding what appeared to be a bag of

marijuana. The officer also observed B. J. C. seated in the passenger seat on the rear driver's side with his legs extending outside of the vehicle holding "a wad of money." As he approached the vehicle, the officer noticed another bag and a separate large bud of marijuana on the seat immediately behind B. J. C. and within B. J. C.'s reach.[1]

After the officer gave B. J. C. his *Miranda* warnings, B. J. C. admitted to the officer that he had gone to the vehicle to purchase $39 worth of marijuana from the driver. The officer also learned that the "wad of money" B. J. C. was holding in his hand contained $39. At the delinquency hearing, the officer, who had formerly served on a drug task force, opined that the bag of marijuana on the seat behind B. J. C. was a "quarter" bag with a street value of approximately $40. The juvenile court adjudicated B. J. C. delinquent for possessing the marijuana on the seat immediately behind him.

We find that the evidence presented was sufficient to demonstrate that B. J. C. was in possession of the marijuana in violation of OCGA § 16-13-30. See *In the Interest of A. A.*, 265 Ga. App. 369, 374 (5) (593 SE2d 891) (2004). B. J. C. correctly asserts that his spatial proximity to the marijuana alone was not sufficient to deem him in constructive possession of the marijuana on the seat. See *Shirley v. State*, 166 Ga. App. 456, 457 (1) (304 SE2d 468) (1983). However, the state offered evidence that, not only was B. J. C. in close proximity to the marijuana, he confessed to the officer that he was purchasing the marijuana from the driver of the vehicle and also had money in his hand equal to its approximate street value. As such, the evidence established a connection between B. J. C. and the marijuana that authorized the finding of B. J. C.'s constructive possession. Compare *In the Interest of C. A. A.*, 187 Ga. App. 691, 693 (371 SE2d 247) (1988). That B. J. C. now denies having confessed to the officer was a matter of witness credibility for the juvenile court. *In the Interest of R. S.*, 253 Ga. App. at 409-410. Accordingly, we affirm the adjudication.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED AUGUST 22, 2006.

*Mack & Harris, Robert L. Mack, Jr.*, for appellant.
*Scott L. Ballard, District Attorney, Josh W. Thacker, Assistant District Attorney*, for appellee.

---

[1] The officer later found a third bag of marijuana partially hidden under the front passenger seat of the vehicle.