## A07A1090. COOK v. THE STATE.

(650 SE2d 757)

JOHNSON, Presiding Judge.

A jury found Michael Cook guilty of possession of methamphetamine with intent to distribute. Cook appeals, alleging that the trial court (1) erred by not granting his motion for a directed verdict because the state failed to establish a chain of custody for the drugs upon which his conviction is based; and (2) erred by not granting his motion for a mistrial after the prosecutor introduced new evidence in his closing remarks. We find no reversible error and affirm Cook's conviction.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that an informant called Cook in the presence of two law enforcement officers in order to set up a methamphetamine buy. The law enforcement officers then drove the informant to the scene of the buy, where the informant met Cook. Once the officers witnessed the start of the drug transaction, they proceeded to arrest Cook, who dropped a small bag of methamphetamine. After arresting Cook, agents searched his car and discovered 26 grams of methamphetamine, a set of digital scales, smoking devices, and a ledger listing names with dollar amounts.

1. In a one-page argument, Cook contends the trial court erred in denying his motion for a directed verdict because the state failed to establish a chain of custody for the drugs upon which his conviction is based. We find no error.

To show a chain of custody adequate to preserve the identity of fungible evidence, the state must prove with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution.[1] However, this does not mean that the state must foreclose every possibility of tampering.[2] So long as a reasonable assurance of the identity of the evidence is shown, the chain of custody will be preserved.[3] We review the trial court's decision on the adequacy of the chain of custody under an abuse of discretion standard.[4]

In this case, the record reflects that a deputy from the Carroll County Sheriff's Department, who was at the scene of the arrest, seized the evidence from the scene, logged it on to the evidence sheet and then placed the evidence in the drop box in the evidence room. The deputy further testified that at the time in question she was

---

[1] *Maldonado v. State*, 268 Ga. App. 691, 691-692 (1) (603 SE2d 58) (2004).

[2] Id. at 692.

[3] *Stone v. State*, 229 Ga. App. 367, 369 (1) (a) (494 SE2d 48) (1997).

[4] *Maldonado*, supra at 692.

employed as an evidence custodian with the department and was one of two people with keys to the evidence room. The evidence was then kept in the locked room at the Carroll County Police Department until the deputy personally transported it to the crime lab. Upon examination of the evidence at trial, the deputy stated that she noticed no signs of tampering.

The testimony of the forensic chemist from the crime lab who was assigned to this particular case revealed that once a law enforcement agent places evidence in the lock box at the lab, no one is able to open the box except for the lab technicians. In this case, the forensic chemist confirmed that she received the evidence in question on June 16, 2005 to begin testing. Once the evidence has been assigned and testing commences, the evidence stays in the technician's personal evidence locker. It was the forensic chemist's testimony that the evidence in this case stayed at the crime lab until she personally signed it out in order to bring it to trial.

"Absent affirmative evidence of tampering, mere speculative doubt as to the handling of evidence while in the possession of the Georgia Crime Lab is a matter for consideration by the jury."[5] Here, the state met its burden in establishing a chain of custody by demonstrating with reasonable certainty that the evidence seized was the same which was admitted at trial. The trial judge did not abuse his discretion in denying Cook's motion for a directed verdict based on this ground.

2. Cook asserts the trial court erred in denying his motion for a mistrial after the prosecutor, during closing argument, performed a demonstration using a cell phone that had not been introduced into evidence during the trial. Again, we find no reversible error.

It is well established that during closing argument, parties are not permitted to introduce facts or make statements about matters that were not placed in evidence.[6] When improper remarks are made during closing argument, the trial court has a duty to rebuke the attorney so as to remove any improper impression or to give curative instructions to the jury so as to remove any prejudicial effect of the remark.[7] The extent of a rebuke or instruction is within the discretion of the trial court, and we will not disturb a trial court's exercise of its discretion in denying a motion for a mistrial in this regard unless the trial court abuses its discretion.[8] When the improper remark "is cured by timely corrective action calculated to preserve the defendant's

---

[5] (Citation and punctuation omitted.) *Johnson v. State*, 271 Ga. 375, 382 (13) (519 SE2d 221) (1999).

[6] *Brown v. State*, 256 Ga. App. 603, 610-611 (4) (568 SE2d 727) (2002).

[7] *Jordan v. State*, 166 Ga. App. 417, 420 (6) (304 SE2d 522) (1983).

[8] See id.; *Benefield v. State*, 140 Ga. App. 727, 730 (3) (232 SE2d 89) (1976).

right to a fair trial, then we cannot say that the court abused its discretion in refusing to grant a mistrial."[9]

In this case, the record shows that while the lower court did not necessarily rebuke the prosecutor, it did give curative instructions to the jury. The trial judge did not merely instruct the jury in broad language regarding what does and does not constitute evidence, as was the circumstance in the case cited by Cook.[10] Here, the trial judge informed the jury that the cell phone used in the state's closing argument was not evidence, that the demonstration was not to be considered and that the demonstration was completely irrelevant to the case. The trial judge noted that he did not believe the improper demonstration prejudiced Cook's case because the state presented enough other evidence for the jury to come to its conclusion without relying on the cell phone demonstration. We agree. Cook has failed to establish that a mistrial was essential to the preservation of his right to a fair trial.[11] The cell phone demonstration and remarks, while improper, were not harmful, and the trial court did not err in denying Cook's motion for a mistrial on this ground.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 1, 2007 — 

*Gary P. Bunch*, for appellant.
*Peter J. Skandalakis, District Attorney, Vincent J. Faucette, Assistant District Attorney*, for appellee.

[9] (Citations omitted.) *Benefield*, supra.
[10] See *Spry v. State*, 156 Ga. App. 74, 76-77 (3) (274 SE2d 2) (1980).
[11] See *O'Neal v. State*, 170 Ga. App. 637, 638 (2) (318 SE2d 66) (1984).