A07A1593. IN THE INTEREST OF Q. M., a child.
(660 SE2d 3)

RUFFIN, Judge.

Q. M. was adjudicated delinquent for possessing marijuana.[1] Q. M. appeals, contending that the State failed to establish the chain of custody and to lay a proper foundation for admission of the test results of the marijuana. He also challenges the sufficiency of the evidence. For reasons that follow, we affirm.

When reviewing the sufficiency of the evidence supporting a juvenile court's adjudication, we construe the evidence in favor of the court's adjudication and determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed

---

[1] The juvenile court also adjudicated Q. M. delinquent for possessing an imitation controlled substance with the intent to distribute and found him not guilty of possessing marijuana with the intent to distribute.

the acts charged.[2] So viewed, the evidence shows that Mark Courson, a teacher, observed Q. M. and N. L., another student, standing together near the school lockers. Courson saw Q. M. hand "something" to N. L., who then shut the locker door and left. Courson reported the suspicious incident to Jeff Garrett, the school principal, via e-mail.[3] Separately, N. L. approached Garrett and told him that Q. M. had offered to sell him cocaine on the school bus; N. L. also told Garrett that Q. M. gave him marijuana, which he put in his locker. According to N. L., after he declined Q. M.'s offer to sell him marijuana and cocaine, Q. M. placed a baggie containing what appeared to be cocaine in his shoe.

Garrett contacted the police, who recovered a plastic bag containing marijuana from N. L.'s locker and a baggie containing a white powder from Q. M.'s shoe. The bag found in N. L.'s locker tested positive for marijuana, while the item taken from Q. M.'s shoe tested negative for any controlled substances.

1. Q. M. contends that the trial court erred in admitting the marijuana because the State failed to prove a proper chain of custody. However, we find no error in the trial court's admission of this evidence.

The arresting officer recovered the bag of suspected marijuana from N. L.'s locker and placed it in an evidence bag upon which she wrote the date and a case number. The bag and its contents remained in her custody until she turned it in to the evidence locker; she opened it only once to perform a field test. At trial, the officer identified the State's exhibit as the item she recovered from the locker. Another school police officer, Sergeant Peabody, retrieved the exhibit from the evidence locker, signed and dated the bag, performed additional testing on the suspected marijuana in the evidence room, resealed the bag, and returned it to the records custodian. The records custodian then returned the exhibit to the evidence locker after testing. Finally, an investigator for the district attorney's office collected the exhibit from the school police department, placed it into an envelope with his signature and the case number, and brought it to court for trial.

The State has the burden "to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The State need not [negate] every possibility of tampering, and need only establish reasonable assurance of

---

[2] See *In the Interest of J. A. F.*, 262 Ga. App. 722, 723 (2) (586 SE2d 381) (2003).

[3] The jury was shown a videotape from a school security camera mounted outside of Courson's classroom that apparently depicted the incident. However, the video was not included in the record, and the trial court clerk's office indicated that the videotape had been destroyed.

the identity of the evidence."[4] Here, there was no suggestion of evidence tampering or substitution, and the record is clear that the marijuana was at all times in the custody of law enforcement officers. Thus, the State established a sufficient chain of custody, and the trial court did not err in admitting the marijuana.[5]

2. Q. M. also enumerates as error the trial court's admission of testimony regarding the results of the marijuana testing, as well as admission of the document containing the results. First, Q. M. argues that the test results should not have been admitted because the marijuana was inadmissible based upon the State's failure to establish chain of custody. But as set forth in Division 1, supra, the marijuana was properly admitted.

Next, Q. M. alleges that the test results should not have been admitted because they were tendered before the marijuana was admitted. Q. M. provides no citation of authority to support this argument, and we find it unavailing, as the marijuana was properly admitted thereafter.

Q. M. further maintains that the State failed to lay a proper foundation for admission of the test results, arguing that Sergeant Peabody was unable to produce proof of his testing certification and failed to testify regarding his previous testing experience or whether he conducted the tests in a manner consistent with his training. We disagree.

Notably, expert testimony is not required to identify drugs.[6] "And even if police officers are not formally tendered as expert witnesses, if an adequate foundation is laid with respect to their experience and training, their testimony regarding narcotics is properly admitted."[7]

Here, Peabody had sixteen years of experience in law enforcement and had been employed by the school police department for seven years, where his job duties included testing suspected marijuana. He received marijuana testing training from the Georgia Bureau of Investigation, and he was certified to test for marijuana, although he was unable to produce the certificate at trial. He conducted a microscopic examination, the Duquenois-Levine Reagent test, and the KN Reagent-9 test on the suspected marijuana in this case, and he testified in detail regarding those testing procedures.

---

[4] (Citations and punctuation omitted.) *Anderson v. State*, 247 Ga. 397, 399 (2) (276 SE2d 603) (1981).

[5] See id.; *Cook v. State*, 287 Ga. App. 81, 81-82 (1) (650 SE2d 757) (2007); *Stringer v. State*, 285 Ga. App. 599, 604-605 (2) (647 SE2d 310) (2007); *Tran v. State*, 246 Ga. App. 153, 159 (5) (539 SE2d 862) (2000).

[6] See *Burroughs v. State*, 190 Ga. App. 467, 470 (1) (b) (379 SE2d 175) (1989); *Rabern v. State of Ga.*, 221 Ga. App. 874, 875 (2) (473 SE2d 547) (1996).

[7] *Atkinson v. State*, 243 Ga. App. 570, 572 (1) (531 SE2d 743) (2000).

Thus, we find no abuse of discretion on the part of the trial court in permitting Peabody to give his opinion as to the identification of the purported marijuana.[8]

3. Q. M. also challenges the sufficiency of the evidence to support his marijuana conviction, arguing that mere proximity and the uncorroborated testimony of a co-perpetrator are insufficient to authorize a conviction for possession. While both of these assertions are correct statements of the law, neither is applicable to this case.[9]

Q. M.'s proximity to the marijuana was not the only evidence supporting his conviction. And pretermitting whether N. L. was an accomplice in this case, his testimony was corroborated by additional evidence, including the testimony of the teacher who saw Q. M. hand an object to N. L. near N. L.'s locker, where police ultimately recovered the marijuana. Additionally, the authorities found a white, powdery substance in a bag in Q. M.'s shoe, further corroborating N. L.'s testimony that Q. M. placed the purported cocaine there after offering to sell it to N. L. Although Q. M. challenges the inconsistencies in N. L.'s statements and testimony, " 'resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are within the province of the factfinder.' "[10] Thus, we conclude that the evidence was sufficient for a rational trier of fact to find Q. M. guilty beyond a reasonable doubt of possession of marijuana.[11]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 2, 2008 —
RECONSIDERATION DENIED MARCH 27, 2008.

*John P. Smith, Laura K. Willcox*, for appellant.
*Garry T. Moss, District Attorney, Sarah M. Santander, Assistant District Attorney*, for appellee.

---

[8] See id.; *Millwood v. State*, 166 Ga. App. 292, 293 (3) (304 SE2d 103) (1983); *Cooksey v. State*, 149 Ga. App. 572, 573 (3) (254 SE2d 892) (1979).

[9] See *Smith v. State*, 278 Ga. App. 315, 317 (2) (a) (628 SE2d 722) (2006) ("Mere proximity to contraband is not enough to prove constructive possession."); OCGA § 24-4-8 (uncorroborated accomplice testimony alone is insufficient to support felony conviction); *Metoyer v. State*, 282 Ga. App. 810, 811 (1) (640 SE2d 345) (2006) (" '(a) person may not be convicted of a felony based solely on the uncorroborated testimony of an accomplice' ").

[10] *Metoyer*, supra at 812 (1) (a).

[11] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Millsap v. State*, 275 Ga. App. 732, 734 (1) (621 SE2d 837) (2005); *Ryans v. State*, 226 Ga. App. 595, 596-597 (1) (487 SE2d 130) (1997).