## A06A1779. BROWN v. THE STATE.
(636 SE2d 709)

BLACKBURN, Presiding Judge.

Following a jury trial, Jason Brown was convicted on two counts of armed robbery, two counts of aggravated assault, and four counts of possession of a knife during the commission of a felony. Brown appeals, contending (1) that the trial court erred in denying his motion for a directed verdict in that the evidence fatally varied from the allegations in the indictment; (2) that the evidence was insufficient to convict him of armed robbery and aggravated assault; and (3) that the evidence was insufficient to convict him of possession of a knife during a felony. We disagree and affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Brown] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." *Eady v. State.*[1]

So viewed, the evidence shows that Brown's friend, Mardrecus Harris, sought Brown's help in performing a robbery, and Brown agreed in exchange for a share of the proceeds. Once Harris armed himself with a loaded pistol and Brown armed himself with a knife, the two men, dressed in hooded sweatshirts with bandannas covering their faces, entered an apartment through an unlocked door.

Harris pointed his gun at the occupants, demanded money, took cash from one female occupant, and pulled a purse away from another. Brown stood nearby as a lookout, holding his knife and also watching over the occupants. After taking the purse and money, Harris and Brown left the apartment and fled to a nearby football field to look through the purse. At the field, the two men abandoned the purse, the knife, and their bandannas and sweatshirts, which police later found.

Meanwhile, the apartment occupants called 911 and described the two men to police, who soon found Harris and Brown in their car. After obtaining a warrant, police searched their car and found Harris's gun in the back seat.

---

[1] *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

Brown was arrested and charged with four counts of armed robbery,[2] five counts of possession of a firearm during the commission of a felony,[3] five counts of possession of a knife during the commission of a felony,[4] three counts of aggravated assault with a pistol,[5] and three counts of aggravated assault with a knife.[6] After a jury trial, Brown was found guilty on eight of the twenty counts,[7] and his motion for a new trial was denied, giving rise to this appeal.

1. Brown contends that the evidence presented at trial fatally varied from the allegations in the indictment accusing him of committing armed robbery and aggravated assault with a knife. We disagree.

"Averments in an indictment as to the specific manner in which a crime was committed are not mere surplusage. Such averments must be proved as laid, or the failure to prove the same will amount to a fatal variance and a violation of the defendant's right to due process of law." (Citations and punctuation omitted.) *Talton v. State.*[8]

(a) Counts 5 and 7 accuse Brown of committing armed robbery by taking property "from the immediate presence of [the victim], by use of a knife an offensive weapon[,] in violation of OCGA § 16-8-41," which provides, in part, that "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon."

The evidence at trial showed that Brown held the knife at his side while Harris pointed his gun and demanded money from the occupants. Brown now argues that because he himself never demanded money from the victims, and because the money was given to Harris who held the gun, there was no evidence that Brown committed the crimes as alleged in the indictment.

> [However,] if the State presents sufficient evidence that the actors were involved in a conspiracy, i.e., the individuals had associated themselves together in a common design to do an unlawful act, *any act done in pursuance of that association by any one of the associates would, in legal contemplation, be the act of each of them.* A conspiracy may be inferred from the

---

[2] See OCGA § 16-8-41.

[3] See OCGA § 16-11-106.

[4] See id.

[5] See OCGA § 16-5-21.

[6] See id.

[7] Brown was acquitted of the counts accusing him of committing crimes with a firearm.

[8] *Talton v. State*, 254 Ga. App. 111, 112 (1) (561 SE2d 139) (2002).

nature of the acts done, the relation of the parties, the interest of the alleged conspirators, and other circumstances.

(Citation and punctuation omitted; emphasis supplied.) *Michael v. State*.[9] Moreover, "it has been repeatedly held that a conspiracy may be proven and a jury charge may be given on conspiracy . . . even though a defendant is not indicted under those theories." (Punctuation omitted.) Id. at 292-293 (2).

Here, there was evidence that Brown agreed to commit the robbery and share the proceeds, and that he held the knife and acted as a "lookout" by "watching out" over the apartment's occupants and "looking out for people coming in" as Harris took money from the occupants at gunpoint. In light of this evidence, the evidence was sufficient to show that Brown was a co-conspirator in the robbery. See *McKenzie v. State*.[10] Accordingly, the evidence did not fatally vary from the allegations in the indictment, and the evidence was sufficient to authorize a rational trier of fact to find Brown guilty of the charges as alleged in the indictment.

(b) Counts 17 and 19 accuse Brown of "unlawfully mak[ing] an assault . . . with intent to rob, with a knife by holding said knife in a threatening manner while demanding money, in violation of OCGA § 16-5-21." That Code section provides as follows:

A person commits the offense of aggravated assault when he or she [commits an act which places another in reasonable apprehension of immediately receiving a violent injury]:[11] (1) With intent to murder, to rape, or to rob; [or] (2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury.[12]

Brown argues that the evidence did not support this allegation because he held the knife by his side and never demanded money from the occupants. However, as Brown was a conspirator in the armed robbery, the demands for money can be attributed to him as a legal matter. See *Michael v. State*, supra. Whether he held the knife in a threatening manner is a question of fact to be resolved by the jury. See *Hewitt v. State*.[13] The evidence showed that Brown, who wore a bandanna over his face, entered the apartment without permission

[9] *Michael v. State*, 281 Ga. App. 289, 292 (1) (635 SE2d 790) (2006).
[10] *McKenzie v. State*, 271 Ga. 47 (1) (518 SE2d 404) (1999).
[11] OCGA § 16-5-20 (a) (2).
[12] OCGA § 16-5-21 (a).
[13] *Hewitt v. State*, 277 Ga. 327, 331 (1) (e) (588 SE2d 722) (2003).

and held the knife at his side with the blade exposed as his partner demanded money, and that the victims were afraid Brown "would do something" and felt "scared" and "threatened" by the knife. In light of this evidence, there was no fatal variance between the evidence and the allegations in the indictment, and the evidence was sufficient to authorize a rational trier of fact to find Brown guilty of the charges as alleged in the indictment.

2. Brown next contends that the evidence was insufficient to convict him of armed robbery and aggravated assault. In light of our ruling in Division 1, this enumeration is without merit.

3. Brown finally contends that because the evidence was insufficient to convict him of armed robbery and aggravated assault, the evidence was insufficient to convict him of possession of a knife during the commission of a felony (with the underlying felonies being armed robbery and aggravated assault). However, in light of our rulings in Divisions 1 and 2, this enumeration is without merit.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 12, 2006 — 

*Wesley G. Person*, for appellant.
*Richard G. Milam, District Attorney, Bill D. Golden, Assistant District Attorney*, for appellee.