A10A1549. IN THE INTEREST OF D. B., a child.
(699 SE2d 772)

ELLINGTON, Judge.

A Chatham County juvenile court judge adjudicated D. B. delinquent for committing acts, which if committed by an adult, would have constituted two counts of aggravated assault with intent to rob, OCGA § 16-5-21 (a) (1). D. B. appeals from the denial of his motion for new trial, contending that the evidence was insufficient to support the adjudication of delinquency. For the following reasons, we affirm.

Viewed in the light most favorable to the findings and judgment of the juvenile court,[1] the record shows that, around noon on December 30, 2009, 11-year-old J. L. and his 13-year-old brother, W. L., walked to a local store to buy a belt. As they neared the store, they saw 15-year-old D. B. and three of his friends. J. L. was afraid that D. B. and his friends were "up to no good." D. B. followed the brothers inside the store and began "putting up signs," that is, making hand gestures like he was shooting a gun at them. As the brothers stepped outside of the store, D. B. and his friends crowded around them, and either D. B. or others in the group demanded the brothers' money. D. B., while staring at the brothers, opened his jacket and revealed a pistol stuck in his pants pocket. Frightened, the brothers fled down

---

[1] "When reviewing the sufficiency of the evidence in a juvenile proceeding alleging delinquency, that view of the evidence most favorable to the State must be taken, for every presumption and every inference are in favor of the verdict or adjudication." (Citation and punctuation omitted.) *In the Interest of B. J. C.*, 281 Ga. App. 228 (635 SE2d 833) (2006). See also *In the Interest of E. D. F.*, 243 Ga. App. 68 (1) (532 SE2d 424) (2000).

the street, hiding first in a fast food restaurant and then running to a Chinese restaurant a few blocks from their house. Thinking he may have lost his pursuers, W. L. considered ordering the Chinese food he was supposed to take home for his family, but he did not want to wait. The brothers then walked home, only to find D. B. and his friends waiting near the stairs leading up to their apartment. The brothers managed to get by D. B. and to run upstairs to their apartment, where they immediately told their mother what had happened. She called the police, and they apprehended D. B. and the others soon thereafter. D. B. did not have a weapon on him when he was arrested; however, one of D. B.'s friends told the police that D. B., shortly before he was arrested, had a BB pistol in his pocket. This same friend also told the police that, before the assaults, D. B. told him that he intended to rob the brothers.

"Aggravated assault with intent to rob requires [both proof of] the [victim's] reasonable apprehension of receiving bodily injury and proof of the [defendant's] intent to rob." (Punctuation and footnote omitted.) *Adcock v. State*, 279 Ga. App. 473, 475 (5) (b) (631 SE2d 494) (2006). The evidence adduced was sufficient to prove beyond a reasonable doubt that, when D. B. showed the brothers the pistol stuck in his pocket, he put them in reasonable apprehension of receiving an immediate bodily injury. See *In the Interest of J. A. L.*, 284 Ga. App. 220, 221-222 (3) (644 SE2d 162) (2007). Further, the brothers' testimony that D. B. or his companions demanded their money at the time of the assault proves that it was with the intent to rob and, therefore, supports the adjudication of delinquency for two counts of aggravated assault beyond a reasonable doubt. See *Brown v. State*, 281 Ga. App. 523, 525-526 (1) (b) (636 SE2d 709) (2006).

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED JULY 21, 2010.

*Mark J. Nathan*, for appellant.
*Larry Chisolm, District Attorney, Kimberly Rowden, Assistant District Attorney*, for appellee.

