### 30069. LOVE *v.* THE STATE.

Decided October 8, 1943.

*W. G. Neville*, for plaintiff in error.
*B. H. Ramsey, solicitor*, contra.

MacIntyre, J.   The defense·charged is simple larceny, a misdemeanor.  "Indictments may be found and filed in the proper courts: In all misdemeanors, within two years after the commission of the offense, and at no time thereafter.   If the offender shall abscond ·from this State, or so conceal himself that he cannot be arrested, such time during which he has been absent from the State, or concealed, shall not be computed or constitute any part of said several limitations.   Nor shall any limitation run so long as the offender or offense is unknown."   Code, § 27-601 (4): In *McLane* v. *State,* 4 *Ga.* 335, 342, it was said: "On the score of principle, we think it was incumbent on the prosecuting officer to have alleged in the indictment the particular exception on which he relied to prevent the operation of the statute [of limitations], so that it might affirmatively appear that the defendant was liable under the law, to be arrested, tried, and convicted for the offense; and for the further reason that he might be prepared at the trial to traverse all the material allegations made by the State against him.   We are aware that on the civil side of the courts the defendant has usually been required to plead the statute of limitations, by way of defense, even when it appeared on the face of the declaration, that the demand was barred by the statute; but we are unwilling to apply that rule to criminal causes, in which the life and liberty of the citizen is involved; believing, as we do, that it is the most regular and safe rule to adopt, to require the particular exception mentioned in the statute, intended to be proved at the trial, to prevent its operation, to be alleged in the indictment."  In *Beall* v. *State,* 21 *Ga. App.* 73 (94 S. E. 74), it was held: "If the indictment does not contain such an averment, it is fatally defective and void, since it charges no offense under the law; and a verdict of guilty is a nullity, upon which no legal judgment can be founded; and after the defendant has been convicted and sentenced he may move to arrest the judgment, notwithstanding he may have failed to demur to the indictment, or to move to quash it."  The limitation applicable to indictments for misdemeanors, under the Code, § 27-601 (4), applies also to accusations in the city courts. *Flint* v. *State,* 12 *Ga. App.* 169 (76 S. E. 1032).   While an allegation of time is necessary to make a valid accusation, it is the general rule that proof that the crime was committed on the day alleged ·is not necessary; but where time is limited for preferring an

accusation, it is essential to the validity of the accusation that the time alleged should appear to be within the time so limited; and if, as here, the offense appears on the face of the accusation to be barred by the statute of limitations, and no exception in the statute is alleged to toll the statute and prevent the bar, although no demurrer was filed and the motion in arrest of judgment was not filed until after the trial, but during the term thereof, the failure to allege such exception was fatal, and the motion in arrest should have been sustained. The judge erred in not so doing.

*Judgment reversed. Gardner, J., concurs.*

BROYLES, C. J., dissenting. The defendant was tried on an accusation, and not on an indictment; and it is well settled that an indictment can not be amended, but that an accusation is amendable. It is likewise well settled that a motion in arrest of judgment "must be predicated upon some defect, *not amendable,* which appears on the face of the record or pleadings." *Smith* v. *State,* 17 *Ga. App.* 612 (87 S. E. 846) ; *Gilbert* v. *State,* 17 *Ga. App.* 143 (86 S. E. 415). I think that the defect in the instant accusation was amendable; and since the motion in arrest of judgment was predicated upon a defect which was amendable, the court did not err in denying the motion.