A06A0780. MARTIN v. THE STATE.
(629 SE2d 134)

ELLINGTON, Judge.

In September 2005, a DeKalb County jury convicted Kareem Martin of disorderly conduct, OCGA § 16-11-39 (a) (1). He appeals from the denial of his motion for new trial, contending the trial court violated OCGA § 17-7-71 (f) when it denied his request for a continuance. As explained below, Martin was entitled to a continuance as a matter of law. Therefore, the court's judgment of conviction is reversed and Martin is entitled to a new trial on the disorderly conduct charge.

In May 2005, the State filed an accusation that charged Martin with two counts of family violence battery for choking and biting his wife, and two counts of simple battery for grabbing his wife and putting her in a "head lock." Two months later, and less than ten minutes before the August 29, 2005 trial, the State amended its accusation to add three counts of family violence battery and five counts of battery, each of which charged Martin with either choking, biting, striking, or causing visible bodily harm to his wife. In addition, the amended accusation added a thirteenth count charging Martin with disorderly conduct "by acting in a tumultuous manner toward [his wife,] whereby she was placed in reasonable fear of her safety, in

---

violation of OCGA § 16-11-39 (a) (1)." Upon learning of the amendment to the accusation, Martin's counsel immediately requested a continuance pursuant to OCGA § 17-7-71 (f), contending that he was unprepared to defend against the nine additional counts. The court refused to grant a continuance. The jury subsequently convicted Martin of disorderly conduct while acquitting him of the remaining charges.

On appeal, Martin contends that, because the State amended the accusation before trial to include "additional charges," OCGA § 17-7-71 (f) required the trial court to grant Martin's request for a continuance. Specifically, Martin argues that the disorderly conduct charge is an "additional charge" in the amended accusation because it is a different crime that involves different elements than the crimes charged in the original accusation, simple battery and family violence battery.

OCGA § 17-7-71 (f) states as follows:

> Prior to trial, the prosecuting attorney may amend the accusation, summons, or any citation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation, summons, or citation. A copy of any such amendment shall be served upon the defendant or his or her counsel and the original filed with the clerk of the court. On motion, the court shall grant the defendant a continuance which is reasonably necessitated by an amendment. *If any additional charges against the defendant are made the judge shall advise the defendant that he or she has an automatic right to a continuance.*

(Emphasis supplied.)

As noted above, the original accusation charged Martin with simple battery under OCGA § 16-5-23 (a) (2) for intentionally causing physical harm to his wife by grabbing her and putting her in a head lock.[1] The accusation also charged Martin with family violence battery under OCGA § 16-5-23.1 (a) and (f), for intentionally causing substantial physical harm to his wife by choking and biting her.[2]

---

[1] Under OCGA § 16-5-23 (a) (2), a person commits simple battery by intentionally causing physical harm to another. The original accusation did not charge Martin with simple battery under OCGA § 16-5-23 (a) (1), "[i]ntentionally mak[ing] physical contact of an insulting or provoking nature with the person of another."

[2] Under OCGA § 16-5-23.1 (a) and (f), a person commits family violence battery by intentionally causing substantial physical harm or visible bodily harm to his or her spouse (or other specified members of his or her household).

Therefore, under the original accusation, the State was required to prove both that Martin made physical contact with his wife and that he physically harmed her.

In contrast, the amended accusation charged Martin with disorderly conduct "by acting in a tumultuous manner toward [his wife,] whereby she was placed in reasonable fear of her safety, in violation of OCGA § 16-11-39 (a) (1),"[3] a charge for which he could be convicted even if there was no evidence of his physical contact with or physical harm to the victim. As such, Martin had no pretrial notice that he would have to defend against a "tumultuous" act that did not physically harm his wife. The State's argument to the contrary is entirely without merit. According to the State, the acts constituting battery and disorderly conduct in this case were the same, so

> disproving the acts alleged in the battery counts would have disproved the acts required to prove disorderly conduct: [In other words, if] Appellant had not battered his wife by choking her around the neck, by biting her, by grabbing her, and by putting her in a head lock, he would not have committed the offense of disorderly conduct.

As explained above, however, this is not an accurate statement, because Martin could have been convicted of disorderly conduct based upon evidence of *any* tumultuous act that frightened his wife, not only those acts listed in the original indictment under the battery charges.[4]

Further, the disorderly conduct charge included an allegation that the defendant placed his wife "in reasonable fear of her safety," an element which was not included in the original accusation and of which Martin had no notice of his need to prepare a defense. Therefore, the charge of disorderly conduct constituted an "additional charge" under OCGA § 17-7-71 (f).

Accordingly, Martin had an automatic right to a continuance under OCGA § 17-7-71 (f),[5] and the trial court erred in denying

---

[3] A person commits the offense of disorderly conduct "when such person . . . [a]cts in a violent or tumultuous manner toward another person whereby such person is placed in reasonable fear of the safety of such person's life, limb, or health." OCGA § 16-11-39 (a) (1).

[4] Moreover, the State's argument failed to acknowledge that Martin was, in fact, *acquitted* of the battery charges, a circumstance which entirely undermines its contention on appeal.

[5] Although the State argues throughout its appellate brief that the trial court retained the discretion to deny a continuance in this case and that Martin was required to make additional showings in order to justify a continuance, the State failed to even acknowledge the clear, mandatory provisions of OCGA § 17-7-71 (f) in its brief. We find the State's arguments to be without merit.

Martin's request for a continuance. Martin is entitled to a new trial on the disorderly conduct charge.

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

DECIDED MARCH 24, 2006.

*Amir Gorji,* for appellant.

*Shawn E. LaGrua, Solicitor-General, Steven R. Johnston, Assistant Solicitor-General,* for appellee.