A08A0319. THE STATE v. CONZO et al.
(666 SE2d 404)

BARNES, Chief Judge.

Contending that the trial court erred by dismissing an indictment for violating the statute of limitation because an overt act in furtherance of the conspiracy occurred less than five years before the indictment, the State appeals from the trial court's order of dismissal. We disagree, and therefore affirm.

---

[18] *Lemon v. State*, 279 Ga. 618, 622 (2) (619 SE2d 613) (2005).
[19] *Mondy v. State*, 229 Ga. App. 311, 312 (1) (494 SE2d 176) (1997).

The State alleges that the defendants[1] violated the Racketeer Influenced and Corrupt Organizations Act (RICO), OCGA § 16-14-4 (c), and unlawfully conspired with each other to violate OCGA § 16-14-4 (a). It asserts that the defendants devised a telemarketing scheme to defraud elderly persons throughout the United States. The alleged scheme involved contacting victims by telephone and telling them either they were entitled to receive large sums of money, or they would be entered into drawings to receive large sums of money or valuable things, or they were entitled to receive free gifts. The elderly people were informed that they had to purchase magazine subscriptions to enter the contest and were instructed to provide credit card and checking account numbers. The indictment alleged that the victims never received prize money, sweepstakes winnings, or anything of substantial value.

On January 29, 2002, the authorities executed search warrants, and arrested the defendants. The next day a temporary restraining order enjoined the defendants from accessing or depleting "business" investment accounts. On February 5, 2002 a consent order, prepared and submitted by one of the defense attorneys, signed by a superior court judge, and consented to by the State, lifted the restraining order so that $10,000 could be used to enter alleged victims into a real sweepstakes. The defendants mailed a check in that amount to a sweepstakes operator on February 14, 2002. The defendants were indicted on February 5, 2007, five years and seven days after arrest, and charged with committing a RICO conspiracy between July 1, 2000 and February 14, 2002.

The appellate standard of review for a plea in bar asserting a statute of limitation defense is a de novo review of the issue of laws. *United States v. Watford*, 468 F3d 891, 908 (6th Cir. 2006). As this ruling involves a mixed question of fact and law, we accept the trial court's findings on disputed facts and witness credibility unless they are clearly erroneous, but independently apply the law to the facts. *Morrow v. State*, 272 Ga. 691, 693 (1) (532 SE2d 78) (2000). The statute of limitation for a RICO violation, as stated in OCGA § 16-14-8, is five years. *Adams v. State*, 231 Ga. App. 279, 282 (3) (499 SE2d 105) (1998). It is well established that "[t]he statute of limitations, unless suspended, runs from the last overt act during the existence of the conspiracy." (Citation and footnote omitted.) *Fiswick v. United States*, 329 U. S. 211, 216 (67 SC 224, 91 LE 196) (1946); *Young v. State*, 205 Ga. App. 357, 363 (5) (422 SE2d 244) (1992). Here, because the indictment was issued on February 5,

---

[1] The defendants are Erik Mark Conzo, Katherine Zeitlin, Antonio Garcia, Gregory Fowlkes, and Laura Ahearn.

2007, we must determine whether any overt act in furtherance of the conspiracy had occurred within five years before the date the indictment was issued. Id.

1. The State asserts that the trial court "employed a flawed analysis by incorrectly requiring [it] to prove that a crime occurred within the five-year limitation period." We disagree that this analysis was flawed because "[t]he burden *is* on the State to prove that a crime occurred within the applicable statute of limitation." (Citation omitted; emphasis supplied.) *Tarver v. State*, 198 Ga. App. 634, 635 (402 SE2d 365) (1991). "The fact that the issue is determined pre-trial does not relieve the State of this burden." *State v. Lester*, 170 Ga. App. 471, 473 (317 SE2d 295) (1984) (physical precedent only).

2. The State also asserts that the court erred in concluding that the February 14, 2002 act was not in furtherance of the conspiracy. It argues that because the indictment charged an offense that fell within the statute of limitation, the State has met its burden of proving that an act in furtherance of the conspiracy had occurred within the applicable five-year statute of limitation. The State also contends that mailing the check on February 14, 2002, was an overt act in furtherance of the conspiracy. The State makes this assertion with full knowledge that the check was mailed in accordance with the consent decree that had been signed by a superior court judge and the State's own prosecutor.

These arguments are without merit. An allegation by the State that a crime has occurred is hardly *proof* that the crime did in fact occur, and, unless we are to assume that both the prosecutor and the judge were un-indicted co-conspirators, sending the check could not be part of the conspiracy.

"If a defendant prevails on a pretrial plea in bar on the statute of limitations, the charge should be dismissed." (Footnote omitted.) *Jenkins v. State*, 278 Ga. 598, 604 (1) (B) (604 SE2d 789) (2004). In the instant case we agree with the trial court that the State was required to offer evidence or proof that part of the crime charged occurred within the applicable statute of limitation, and that the State failed to do so.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JULY 8, 2008 —
RECONSIDERATION DENIED JULY 28, 2008 —

*Thurbert E. Baker, Attorney General, Gregory J. Lohmeier, Daniel A. Hiatt, Assistant Attorneys General*, for appellant.

*Steven H. Sadow, Brenda J. Bernstein, Carletta E. Sims, Jennifer F. Snyder, Gerard B. Kleinrock*, for appellees.