## A10A0177. LEE v. THE STATE.

(697 SE2d 221)

MIKELL, Judge.

The state filed an accusation against Hwa Ja Lee in the State Court of Coweta County on January 31, 2008, charging that on or about June 30, 2006, she committed the misdemeanor offenses of keeping a place of prostitution (OCGA § 16-6-10) and prostitution (OCGA § 16-6-9). The state filed an amended accusation on July 14, 2008, which amended the date alleged in the accusation, stating that the offenses were committed "between on or about June 30, 2006 through on or about July 11, 2006," and alleged that Lee committed the offense of pimping (OCGA § 16-6-11), also a misdemeanor,[1] rather than prostitution. A jury convicted Lee of keeping a place of prostitution and pimping. On appeal, Lee raises several related enumerations of error, arguing that her convictions should be reversed because the statute of limitation barred the prosecution and that the trial court erred when it did not allow her to raise the defense of the statute of limitation. We review this case de novo,[2] reverse Lee's conviction for pimping because it was barred by the statute of limitation, and affirm the conviction for keeping a place of prostitution.

1. In four enumerations of error, Lee argues that her motion in arrest of judgment and for a new trial should have been granted because the statute of limitation barred the prosecution of the charges set forth in the amended accusation. For reasons stated below, we agree with Lee that the charge of pimping was time-barred, but the amended accusation was valid as to the charge of

---

[1] See OCGA § 16-6-13 (a). Pimping and keeping a place of prostitution are considered to be misdemeanors of a high and aggravated nature. Id.

[2] See *State v. Conzo*, 293 Ga. App. 72, 73 (666 SE2d 404) (2008).

keeping a place of prostitution.

Pursuant to OCGA § 17-3-1 (d), "[p]rosecution for misdemeanors must be commenced within two years after the commission of the crime." "The two-year period runs from the date the offense was committed until the date the original accusation is filed."[3] In the instant case, the original accusation was filed within the statute of limitation, but the amended accusation was not. OCGA § 17-7-71 (f) governs the amendment of accusations and provides that:

> Prior to trial, the prosecuting attorney may amend the accusation, summons, or any citation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation, summons, or citation.[4] A copy of any such amendment shall be served upon the defendant or his or her counsel and the original filed with the clerk of the court. . . .

Here, there is no dispute that Lee received the amended accusation before trial. Instead, the question here is whether the amended accusation was valid since it was filed after the expiration of the applicable two-year statute of limitation.

As a matter of first impression, we addressed this issue in *Wooten v. State.*[5] We concluded that an amended accusation is valid as long as the original accusation was still pending, was timely, and did not broaden or substantially amend the original charges.[6] In the case sub judice, the original accusation was still pending and was timely. Additionally, as to the charge of keeping a place of prostitution, the amended accusation did not broaden or substantially amend the original charge. However, the state's decision to replace the charge of prostitution with the offense of pimping substantially amended the original charge because the offenses of prostitution and pimping contain elements that are separate and distinct.[7]

The language utilized by the state in the original and amended accusations tracked the statutes proscribing the offenses.[8] Pursuant to OCGA § 16-6-9, "[a] person commits the offense of prostitution

---

[3] (Citations omitted.) *Prindle v. State*, 240 Ga. App. 461 (1) (523 SE2d 44) (1999).

[4] See also *Prindle*, supra.

[5] 240 Ga. App. 725 (524 SE2d 776) (1999).

[6] See id. at 726 (2) (a).

[7] See generally *Martin v. State*, 278 Ga. App. 465, 467 (629 SE2d 134) (2006).

[8] "A person having or exercising control over the use of any place or conveyance which would offer seclusion or shelter for the practice of prostitution commits the offense of keeping a place of prostitution when he knowingly grants or permits the use of such place for the purpose of prostitution." OCGA § 16-6-10.

when he or she performs or offers or consents to perform a sexual act, including but not limited to sexual intercourse or sodomy, for money or other items of value." Pimping, however, does not involve the performance or the offer to perform a sexual act. Instead, it is committed when a person performs any of the following acts:

> (1) Offers or agrees to procure a prostitute for another; (2) Offers or agrees to arrange a meeting of persons for the purpose of prostitution; (3) Directs or transports another person to a place when he or she knows or should know that the direction or transportation is for the purpose of prostitution; (4) Receives money or other thing of value from a prostitute, without lawful consideration, knowing it was earned in whole or in part from prostitution; or (5) Aids or abets, counsels, or commands another in the commission of prostitution or aids or assists in prostitution where the proceeds or profits derived therefrom are to be divided on a pro rata basis.[9]

Thus, the state's argument that the same evidence would have proven both offenses is incorrect.

According to the amended accusation and the evidence at trial, the last date upon which the alleged offenses occurred was July 11, 2006. Therefore, the statute of limitation had expired when the amended accusation was filed on July 14, 2008. Thus, Lee's motion in arrest of judgment should have been granted as to the pimping charge.[10]

2. In two related enumerations of error, Lee argues that the trial court erred when it did not allow her to raise the defense of statute of limitation to the jury or during closing argument. In light of our holding in Division 1, we find no harm as we have reversed the conviction to which the statute of limitation defense would have applied.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Adams, J., concur.*

---

[9] OCGA § 16-6-11.

[10] See *Love v. State*, 70 Ga. App. 40, 41-42 (27 SE2d 337) (1943) ("where time is limited for preferring an accusation, it is essential to the validity of the accusation that the time alleged should appear to be within the time so limited; and if, as here, the offense appears on the face of the accusation to be barred by the statute of limitations, and no exception in the statute is alleged to toll the statute and prevent the bar, although no demurrer was filed and the motion in arrest of judgment was not filed until after the trial, but during the term thereof, the failure to allege such exception was fatal, and the motion in arrest should have been sustained").

Decided May 11, 2010 —
Reconsideration denied June 29, 2010 —

*Stephen T. Maples*, for appellant.

*Robert Stokely, Solicitor-General, Natalie Ashman, Amy B. Godfrey, Stephen J. Tuggle, Sandra N. Wisenbaker, Assistant Solicitors-General*, for appellee.