## S10G1815. LEE v. THE STATE.

(709 SE2d 762)

CARLEY, Presiding Justice.

On January 31, 2008, the State filed accusations against Appellant Hwa Ja Lee, charging her with committing the misdemeanor offenses of prostitution and keeping a place of prostitution on or about June 30, 2006. On July 14, 2008, the State filed amended accusations charging that, on or about June 30, 2006 through on or about July 11, 2006, Appellant committed the misdemeanor offenses of pimping and keeping a place of prostitution.

At trial prior to opening statements, Appellant raised the statute of limitations defense set forth in OCGA § 17-3-1 (d), which provides that "[p]rosecutions for misdemeanors must be commenced within two years after the commission of the crime." Based upon the filing date of the original accusations, the trial court ruled that the statute of limitations had not expired. The court further ruled that Appellant could not argue to the jury that the prosecution was barred by the statute of limitations on the ground that the amended accusations were not filed until more than two years after the date of the offenses. However, in its charge to the jury, the trial court included the suggested pattern jury instructions on the statute of limitations, stating in part as follows: "If you find from the evidence that the accusation in this case was not filed within two years after the offense was committed, it would be your duty to acquit this defendant." The jury found Appellant guilty on the amended accusations, and the trial court entered judgments of conviction and sentences for both pimping and keeping a place of prostitution. The trial court subsequently denied motions in arrest of judgment and for new trial.

The Court of Appeals reversed the conviction for pimping because Appellant was charged with that offense only after a substantial amendment to the accusation more than two years after the alleged commission thereof. *Lee v. State*, 304 Ga. App. 681, 682-683 (1) (697 SE2d 221) (2010). However, the Court of Appeals held that, "as to the charge of keeping a place of prostitution, the amended accusation did not broaden or substantially amend the original charge." *Lee v. State*, supra at 682 (1). In response to Appellant's contention that the trial court erroneously precluded her from raising her statute of limitations defense to the jury or during closing argument, the Court of Appeals found "no harm as [it had] reversed the conviction to which [that] defense would have applied." *Lee v. State*, supra at 683 (2). We granted certiorari to review the Court of Appeals' affirmance of the conviction for keeping a place of prostitution.

"In a criminal case the law is addressed to the court, and the jury is not concerned with questions of law except as the law relevant to the case is given in charge to the jury. [Cit.]" *State v. Finkelstein*, 170 Ga. App. 608 (1) (317 SE2d 648) (1984). Whether an amendment to an accusation or indictment after expiration of the statute of limitations broadens or substantially amends the original charge clearly is an issue of law which was properly determined by the Court of Appeals. See *Lee v. State*, supra at 682 (1); *Wooten v. State*, 240 Ga. App. 725, 726 (2) (a) (524 SE2d 776) (1999); *Brown v. State*, 37 S3d 1205, 1214 (III) (Miss. App. 2009) (" 'a determination of whether an amendment [to an indictment] is one of form or one of substance is a question of law' "). For this reason, the trial court correctly declined to give Appellant's requested instructions that the jury must determine whether the amended accusations broadened or substantially amended the original charges. As a matter of law, however, the trial court erred in rejecting the statute of limitations defense with respect to the charge of pimping, because that charge was included only by a substantial amendment to the original accusation. Thus, the Court of Appeals correctly held that the "motion in arrest of judgment should have been granted as to the pimping charge. [Cit.]" *Lee v. State*, supra at 683 (1).

However, at the time that the trial court initially ruled on the statute of limitations defense, which was before the presentation of evidence, the court properly declined to apply the defense as a matter of law to keeping a house of prostitution, because that same charge was included in the original accusation. The trial court would have been authorized to inform the jurors of its legal ruling that the date of the accusation for keeping a house of prostitution must be considered to be January 31, 2008, which was the date of the original accusation. See *Mobley v. State*, 219 Ga. App. 789, 790 (2) (466 SE2d

669) (1996); *State v. Finkelstein,* supra. Furthermore, the usual practice is to provide the jury with the relevant accusations or indictments. See *Salem v. State,* 228 Ga. 186, 188 (5) (184 SE2d 650) (1971). In this case, however, neither the trial court nor the State ever provided the jury with the original accusations or informed the jury of their date. Instead, the trial court simply gave the general pattern instructions on the statute of limitations and prohibited Appellant from arguing that the date of the amended accusations could be used when applying the statute of limitations.

> If a defendant prevails on a pretrial plea in bar on the statute of limitations, the charge should be dismissed; if the State prevails on this issue before trial, the defendant may still require the State to prove at trial that the charge is not barred by the statute of limitations. [Cit.] ("At trial, the burden is unquestionably upon the state to prove that a crime occurred within the statute of limitation, or, if an exception to the statute is alleged, to prove that the case properly falls within the exception."); [cit.]

*Jenkins v. State,* 278 Ga. 598, 604-605 (1) (B), fn. 31 (604 SE2d 789) (2004). "[T]he State was required to offer evidence or proof that . . . the crime[s] charged occurred within the applicable statute of limitation . . . ." *State v. Conzo,* 293 Ga. App. 72, 74 (2) (666 SE2d 404) (2008). In this case, the State offered evidence of when the crimes occurred, but wholly failed either to offer any proof of when the prosecution was commenced or to request the trial court to give the jury any guidance in that regard. As a result, the jury had before it only the date on which the amended accusations were filed, and not the date of the original accusations. Furthermore, the undisputed evidence showed that the alleged offenses occurred more than two years before the date of the amended accusations. Therefore, the jury was not authorized to find that the crimes occurred within the applicable statute of limitations as set out in OCGA § 17-3-1 (d), nor was the trial court authorized to prohibit Appellant from arguing to the jury the only dates which were before it.

In the Court of Appeals, Appellant enumerated as error the trial court's denial of the motion for new trial on the ground that the only evidence showed that the convictions were barred by the statute of limitations. The Court of Appeals erred in failing to address this enumeration and to find that the evidence of keeping a house of prostitution was insufficient. That insufficiency of the evidence obviously could be neither waived for appeal nor considered harmless. Accordingly, the judgment of the Court of Appeals must be affirmed with respect to pimping, but reversed as to keeping a house

of prostitution.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED APRIL 18, 2011.

*Stephen T. Maples,* for appellant.
*Robert Stokely, Solicitor-General, Natalie Ashman, Amy B. Godfrey, Stephen J. Tuggle, Sandra N. Wisenbaker, Assistant Solicitors-General,* for appellee.