**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 14, 2015**

# In the Court of Appeals of Georgia

A15A1442. BARGHI v. THE STATE.

DILLARD, Judge.

Following a bench trial, Gloria Barghi was convicted of driving under the influence of alcohol to the extent it was less safe for her to do so (DUI less safe), driving under the influence of alcohol with an excessive blood-alcohol concentration (DUI per se), and failure to obey a traffic-control device. On appeal, Barghi contends that the trial court erred in denying her plea in bar, in which she claimed that her prosecution for the DUI charges was barred by the statute of limitation. Barghi also maintains that the court erred in proceeding with trial despite the fact that she was not arraigned after the State amended the accusations, and in finding that the State presented sufficient evidence that its prosecution was not time-barred by considering evidence from the plea in bar during trial. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to the trial court's findings and judgment,[1] the evidence shows that at approximately 2:00 a.m. on November 5, 2011, a City of Roswell police officer observed Barghi's vehicle traveling northbound in the center lane of a three-lane reversible highway. But at that time of night, the overhead traffic-control device regulating traffic flow clearly indicated with a red "X" that northbound traffic was prohibited from using the center lane. The officer, therefore, followed Barghi's vehicle and initiated a traffic stop after she continued traveling in the prohibited lane.

Upon stopping Barghi, the officer approached her vehicle and immediately detected an alcoholic-beverage odor. The officer also noticed that Barghi's eyes were glassy and bloodshot. Consequently, the officer had Barghi perform several field-sobriety tests (all of which indicated impairment), and also administered an alco-sensor breath test, which returned a positive result for alcohol. The officer then arrested Barghi for DUI, read her the implied-consent notice,[2] transported her to the police station, and administered a breath test, which indicated a blood-alcohol content of 0.125.

---

[1] *See Hammont v. State*, 309 Ga. App. 395, 396 (710 SE2d 598) (2011).

[2] *See* OCGA § 40-5-67.1 (b) (2).

2

On October 2, 2013, the State charged Barghi, via accusations, with one count of driving under the influence of alcohol to the extent that it was less safe for her to do so (DUI less safe),[3] alleging that Barghi "did on or about 11/5/2011 drive or have physical control of a moving vehicle while under the influence of alcohol to the extent it was less safe"; one count of driving under the influence of alcohol with an excessive blood-alcohol concentration (DUI per se),[4] alleging that she "did on or about 11/5/2011 drive or have control of a moving vehicle with an alcohol concentration of 0.08 grams or more"; and one count of failure to obey a traffic-control device.[5] Subsequently, on December 27, 2013, Barghi waived arraignment and pleaded not guilty to the charges. On that same day, she also filed general and special demurrers to the accusations.

On January 6, 2014, the State slightly amended the two DUI counts in the accusations. Specifically, in both counts, the language alleging that Barghi did "drive or have control of a moving vehicle" was changed to allege more succinctly that she did "drive a moving vehicle." Approximately one month later, Barghi filed a plea in

---

[3] *See* OCGA § 40-6-391 (a) (1).

[4] *See* OCGA § 40-6-391 (a) (5).

[5] *See* OCGA § 40-6-20 (a).

3

bar, arguing that the State's prosecution on the DUI counts was time-barred because the amended accusations were filed after the applicable two-year statute of limitation had expired.[6] On February 7, 2014, the trial court conducted a hearing on the issue. And nearly ten days later, the court issued an order, finding that the amended charges were not time-barred and, thus, denying Barghi's plea in bar.

The case then proceeded to a bench trial, during which only the arresting officer testified. In fact, Barghi presented no evidence in her defense, but after the State rested, she reiterated her argument that the amended accusations were filed after the statute of limitation expired and, therefore, the State's prosecution of those counts was time-barred. Barghi further argued that, regardless of whether her plea in bar was properly denied, the State failed to present any evidence *at trial* that its prosecution was not barred by the statute of limitation. Unpersuaded, the trial court responded that evidence of the State's compliance was sufficiently presented during the hearing on Barghi's plea in bar, over which the same trial judge had also presided, and thereafter, the court found Barghi guilty on all three counts. Subsequently, Barghi filed a motion for new trial, which the trial court denied. This appeal follows.

---

[6] *See* former OCGA § 17-3-1 (d) (2011) ("Prosecution for misdemeanors must be commenced within two years after the commission of the crime.").

1. Barghi first contends that the trial court erred in denying her plea in bar, arguing that the prosecution on the DUI counts was time-barred because the State filed the amended accusations after the expiration of the statute of limitation. We disagree.

As previously noted, under former OCGA § 17-3-1 (d), which was applicable at the time of Barghi's arrest,[7] the "[p]rosecution for a misdemeanor must be commenced within two years after the offense was committed." And a prosecution is considered to continue until there has been a final disposition of the case.[8] Importantly, OCGA § 17-7-71 (f) provides that "[p]rior to trial, the prosecuting attorney may amend the accusation, summons, or any citation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original

---

[7] Effective July 1, 2012, the statute was amended such that former subsection (d) became subsection (e), which now provides that "[p]rosecution for misdemeanors shall be commenced within two years after the commission of the crime." Thus, in addition to the subsection, the only other change was the replacement of "must" with "shall." *See* Ga. L. 2012, Act 709, § 4-1.

[8] *See* OCGA § 16-1-3 (14) ("'Prosecution' means all legal proceedings by which a person's liability for a crime is determined, commencing with the return of the indictment or the filing of the accusation, and including the final disposition of the case upon appeal.").

accusation, summons, or citation." Furthermore, whether an amendment to an accusation or indictment after expiration of the statute of limitation broadens or substantially amends the original charge is undoubtedly an issue of law.[9]

Here, as mentioned *supra*, Barghi was arrested for DUI on November 5, 2011, and the State charged her, via accusations, on October 2, 2013. Thus, the State commenced prosecution of Barghi on the DUI charges prior to the expiration of the applicable two-year statute of limitation.[10] On January 6, 2014, more than a month before the start of Barghi's trial, the State filed accusations amending the two DUI counts. But the amended accusations gave the same date of the offenses as the original accusation, were based on the same conduct, and, indeed, made only slight changes to the wording of the allegations, altering "drive or have physical control of a moving vehicle" to "drive a moving vehicle." Thus, the amended accusations did not commence a new prosecution, but rather, constituted a continuation of the original

---

[9] *See Lee v. State*, 289 Ga. 95, 96 (709 SE2d 762) (2011); *accord Wooten v. State*, 240 Ga. App. 725, 726 (2) (524 SE2d 776) (1999).

[10] *See* former OCGA § 17-3-1 (d).

6

prosecution. Accordingly, the trial court did not err in denying Barghi's plea in bar on the ground that the statute of limitation for the two amended DUI counts expired.[11]

2. Barghi also contends that the trial court erred in proceeding with trial despite the fact that she was not arraigned after the State amended the accusations. Again, we disagree.

As previously noted, on December 27, 2013, Barghi waived arraignment to the charges in the original accusations. After the accusations were amended, the State never sought re-arraignment. At trial, Barghi objected to this failure and reiterates this objection on appeal. However, as discussed in Division 1, *supra*, under OCGA § 17-7-71 (f), the prosecution may amend an accusation at any time prior to trial. Moreover, Barghi cites no authority for the argument that a minor amendment to an accusation, as occurred here, requires the State to arraign a defendant a second time.[12]

---

[11] *See Prindle v. State*, 240 Ga. App. 461, 461-62 (1) (523 SE2d 44) (1999) (holding that defendant's prosecution on DUI charges was not time-barred even though amended accusations were filed more than two years after offenses were committed, because original citations pertaining to the same offenses and conduct were filed prior to the statute of limitation's expiration); *Thomas v. State*, 233 Ga. App. 224, 225 (1) (504 SE2d 59) (1998) (same).

[12] *See Vanorsdall v. State*, 241 Ga. App. 871, 874-75 (2) (a) (528 SE2d 312) (2000) (holding that filing of amended accusation that did not set forth new or different charge did not require State to arraign defendant a second time before proceeding to trial). *Cf. Smith v. State*, 279 Ga. 396, 399 (3) (614 SE2d 79) (2005)

7

Thus, the trial court did not err in denying Barghi's objection regarding the lack of a second arraignment and proceeding with trial.[13]

3. Barghi further contends that the trial court erred in finding that the State presented sufficient evidence that its prosecution was not time-barred by considering evidence presented during the hearing on her plea in bar. Once again, we disagree.

This Court has previously held that a pretrial evidentiary hearing on a plea in bar based upon the statute of limitation is a "very effective, fair and expedient method to deal with limitation problems in many cases."[14] We have further explained that while the application of the statute of limitation can be a jury question, the issue can also be resolved with a pretrial evidentiary hearing and order.[15] And at trial, the burden is unquestionably on the State to "prove that a crime occurred within the statute of limitation, or, if an exception to the statute is alleged, to prove that the case

_____

(noting that because amendment of the accusation did not constitute the commencement of a new prosecution, the previous arraignment of defendant was sufficient).

[13] *See Vanorsdall*, 241 Ga. App. at 875 (2) (a).

[14] *State v. Tuzman*, 145 Ga. App. 481, 483 (2) (243 SE2d 675) (1978), *abrogated on other grounds by State v. Outen*, 289 Ga. 579, 581 (714 SE2d 581) (2011).

[15] *Tuzman*, 145 Ga. App. at 483 (2).

properly falls within the exception."[16] Nevertheless, in *Jenkins v. State*,[17] the Supreme Court of Georgia noted that "while it is true that an exception to the statute of limitations must be pled in the indictment if the State is relying on one, the statute of limitations is not an element of the crime per se; it is found in Title 17 (Criminal Procedure) in the chapter entitled 'Limitations on Prosecution.'"[18] Bearing this in mind, the Supreme Court further explained in *Jenkins* that the proper procedure for litigating a plea in bar based upon the statute of limitation should be analogous to a pretrial *Jackson v. Denno*[19] hearing.[20] Specifically, the Supreme Court noted that if a defendant prevails on a pretrial plea in bar on the statute of limitation, "the charge should be dismissed; if the State prevails on this issue before trial, the defendant may still require the State to prove at trial that the charge is not barred by the statute of limitations."[21]

---

[16] *Lee*, 289 Ga. at 97 (punctuation omitted).

[17] 278 Ga. 598 (604 SE2d 789) (2004).

[18] *Id.* at 604 (1) (footnote omitted).

[19] 378 U.S. 368 (84 SCt 1774, 12 LE2d 908) (1964).

[20] *Jenkins*, 278 Ga. at 604 (1).

[21] *Id.* (footnote omitted).

In this matter, the trial court held a hearing on Barghi's plea in bar, in which the State presented evidence and argument that the original accusations were filed prior to the expiration of the statute of limitation and that prosecution on the DUI counts in the amended accusations, which were filed after the statute's expiration, was not time-barred because the State was permitted to amend the accusations at any time prior to trial. At trial, after the State rested, Barghi presented no evidence but argued, yet again, that the State's amended accusations were time-barred and that the State presented no evidence to the contrary during trial. In rejecting Barghi's legal argument, the trial court noted that the statute-of-limitation issue had already been decided against Barghi when it denied her plea in bar, and in its final judgment, the court incorporated its denial of the plea in bar in support of its finding that the State's prosecution was not time-barred.

On appeal, Barghi reasserts that the State did not actually prove compliance with the statute of limitation at the bench trial and that it was improper for the trial court to consider evidence presented during the hearing on Barghi's plea in bar in support of its finding that the State's prosecution was not time-barred. We are not persuaded by this argument.

Contrary to the scenario contemplated in *Jenkins*, Barghi presented no evidence disputing the trial court's earlier ruling that the State's prosecution was not barred by the statute of limitation[22] but, rather, simply reiterated her earlier legal arguments. Furthermore, and also unlike the scenario contemplated in *Jenkins*, Barghi elected to waive her right to a jury trial and instead proceeded to a bench trial with the same finder of fact who presided over her plea in bar and who had, therefore, already ruled upon the identical arguments less than two weeks earlier. And given that the statute of limitation is not an element of the crime per se,[23] it was perfectly appropriate for the trial court, as the trier of fact, to rely on evidence that was already a part of the case record.[24] Accordingly, the trial court did not err in considering evidence

[22] *See id.* (holding that "if the State prevails on this issue before trial, the defendant *may* still require the State to prove at trial that the charge is not barred by the statute of limitations" (emphasis supplied)).

[23] *See id.*

[24] *Cf. Schaff v. State*, 275 Ga. App. 642, 645 (3) (621 SE2d 595) (2005) (holding that "a trial court may take judicial cognizance of records on file in its own court" (punctuation omitted)); *Jones v. State*, 302 Ga. App. 147, 150-51 (690 SE2d 460) (2010) (noting differences between a jury trial and a bench trial, and that with a jury trial "12 persons [] sit in judgment . . ., and [] the prosecutor [] bear[s] the burden of convincing each one of the twelve persons of [the defendant's] guilt beyond a reasonable doubt," and that by waiving the right to a jury trial, a defendant "forfeit[s] the voir dire process and his right to have the 12 persons chosen through that process decide his guilt or innocence, and that the judge instead . . . mak[es] that

11

presented during the plea in bar to support its finding at a bench trial that the State's prosecution was not time-barred.

For all of the foregoing reasons, we affirm Barghi's convictions.

*Judgment affirmed. Ellington, P. J., and McFadden, J., concur*.

---

determination."); *Hopkins v. State*, 209 Ga. App. 337, 338 (433 SE2d 423) (1993) (physical precedent only) (holding that "in a bench trial it is presumed that the judge, as trier of fact, is able to distinguish between competent and incompetent evidence and consider only that evidence which is admissible.").