# Court of Appeals
# of the State of Georgia

ATLANTA,  December 06, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0389. THE STATE v. BROWN.**
**A18A0390. BROWN v. THE STATE.**

In Case No. A18A0389, the State of Georgia appealed from the trial court's grant of Appellee Dwight Brown's plea in bar and demurrers to the indictment. The State asserted one enumeration of error on appeal: that the trial court erred in considering evidence outside the four corners of the indictment during the pretrial hearing on the plea in bar and demurrers. Brown has filed a motion to dismiss the State's appeal, contending that the issue raised on appeal is moot.

The record shows that the trial court dismissed all of the counts of the indictment on three distinct and independent bases; one of the three bases was that the charges in the indictment were barred by the applicable statutes of limitation. However, pretermitting whether there is merit to the alleged error asserted by the State on appeal,[1] the State waived any challenge to the trial court's ruling on the

---

[1] We note that, during the hearing on Brown's plea in bar and demurrers, the State acquiesced in the trial court's decision to allow the presentation of evidence on the statutes of limitation issue. See *Barghi v. State*, 334 Ga. App. 409, 412 (3) (779 SE2d 373) (2015) ("This Court has previously held that a pretrial *evidentiary* hearing on a plea in bar based upon the statute of limitation is a very effective, fair and expedient method to deal with [statute of] limitation problems in many cases. We have further explained that[,] while the application of the statute of limitation can be a jury question, the issue can also be resolved with a pretrial *evidentiary* hearing and order.") (punctuation and footnotes omitted; emphasis supplied); see also *State v. Conzo*, 293 Ga. App. 72, 74 (1), (2) (666 SE2d 404) (2008) (The State has the burden to prove that the crime charged occurred within the applicable statute of limitation

statutes of limitation defense by failing to enumerate that ruling as error on appeal.[2] Thus, that ruling is affirmed as a matter of law.[3] Because the trial court's ruling on the statutes of limitation issue is sufficient to support its order granting Brown's plea in bar and dismissing the indictment, the error asserted by the State on appeal is rendered moot, and the appeal must be dismissed.[4]

Consequently, Brown's motion to dismiss the State's appeal in Case No. A18A0389 is hereby GRANTED and the appeal is DISMISSED AS MOOT.

Further, in the cross-appeal, Case No. A18A0390, Brown challenges the trial court's denial of his motion to dismiss the State's appeal, Case No. A18A0389, based upon the State's failure to comply with OCGA §§ 5-6-42 and 5-6-48 (c). Given this Court's dismissal of the appeal in Case No. A18A0389, supra, the cross-appeal in Case No. A18A0390 is hereby DISMISSED AS MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, ___12/06/2017___*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*

---

period, and the fact that the issue is raised in a pretrial plea in bar filed by the Defendant does not relieve the State of this burden. Moreover, a mere allegation by the State that the crime occurred during a specific period does not constitute such proof. Thus, given the State's failure to offer evidence to meet its burden of proof, the trial court properly granted the plea in bar and dismissed the indictment.).

[2] See *Adamson v. Sanders*, 279 Ga. 187, 188 (611 SE2d 44) (2005) ("Matters not enumerated as error will not be considered on appeal.") (citations omitted).

[3] See id.

[4] See OCGA § 5-6-48 (b) (3) (providing for dismissal of appeal by appellate courts when questions presented have become moot).