**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 14, 2025**

# In the Court of Appeals of Georgia

A24A1255. KADIRI v. THE STATE.

DOYLE, Presiding Judge.

Following a jury trial, Esivue Kadiri was found guilty of driving under the influence per se ("DUI per se") and speeding. Kadiri appeals, arguing that the trial court erred by failing to give his requested jury charge on the statute of limitation. For the reasons that follow, we reverse.

Viewed in the light most favorable to the verdict,[1] the record shows that on July 26, 2019, Kadiri was arrested and issued uniform traffic citations ("UTCs") for DUI per se, speeding, and failure to maintain lane. On May 1, 2020, the State filed an accusation charging Kadiri with DUI per se, DUI less safe, speeding, and failure to

---

[1] See *Stephens v. State*, 247 Ga. App. 719, 719 (545 SE2d 325) (2001). See also *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

maintain lane. The accusation alleged that all offenses occurred in Gwinnett County. Notably, the less-safe count charged Kadiri with DUI less safe "for that the said Accused, on or about July 26, 2019, ((Charging Language Text field is blank for this defendant)) in violation of OCGA § 40-6-391 (a) (1)."

On the Friday before trial, August 11, 2023, the State filed and served on defense counsel an amended accusation, which revised the DUI less safe and speeding charges from the original accusation. The amended accusation changed the DUI less-safe count to add that on July 26, 2019, Kadiri "was in actual physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe for the accused to drive, in violation of OCGA § 40-6-391 (a) (1)." The amended speeding count changed the name of the road on which the offense occurred from "Boggs Road" to "State Route 316." The county of the charges did not change, and the amended accusation did not include the date of the original accusation.

Immediately prior to the start of trial, Kadiri's counsel announced to the trial court that despite the fact that the State had filed the amended accusation a few days earlier, Kadiri would proceed with trial and would not seek a continuance for rearraignment or otherwise file a pretrial demurrer to the amended accusation.

Nonetheless, counsel stated that he might raise a challenge to the statute of limitation during trial, and if he did, he would request the trial court allow him to argue the matter to the jury. The court reserved ruling.

The trial proceeded, and the officer testified about his July 26, 2019 observations of Kadiri speeding, which excessive speed he confirmed with a laser; failing to maintain lane; and apparent intoxication. He testified that after performing roadside evaluations for intoxication, he arrested Kadiri and transported him for testing on an Intoxilyzer 9000, which indicated Kadiri was above the legal breath alcohol concentration limit of .08 with a reading of .140. The officer's bodycam video was also played for the jury in small portions during the officer's testimony. On redirect, the following exchange occurred:

> [STATE:] So, we talked a little bit about the variation in between what was in the report versus the testimony today about the speed.
>
> [OFFICER:] Yes sir.
>
> [STATE:] When you ticketed the defendant, did you ticket him at . . . [w]hat speed did you ticket him at?
>
> [OFFICER:] I believe it was 90 miles per hour.

[STATE:] So, the citation states 90 miles per hour, it may have just been a mistake in the report?

[OFFICER:] Like I said, even watching back the video, what I like to do is take the laser and hold it up to my body camera. You can clearly see at one point during the video when I'm holding it there, the screen on the laser is showing 90 miles per hour on it. I wrote in the report 95 miles per hour. I am human; I do make mistakes.

Kadiri testified, admitting that he was speeding immediately before the officer pulled him over on the offense date but denied being intoxicated, admitting to only one alcoholic drink that evening. At the close of evidence, during the charge conference, Kadiri's counsel asked the trial court to instruct the jury on the statute of limitation by giving the pattern charge.[2] The State objected, arguing that Kadiri should have raised the limitation issue through a plea in bar because it was a legal issue and not proper for jury consideration. The trial court did not give the charge, opining that

[2] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2021), § 1.50.10 ("Members of the jury, the law of our state sets a time limit upon the State in starting prosecution of most criminal offenses. The accused is on trial for the offense of (insert offense). Under Georgia law, prosecution for this offense must begin within (insert number) years after the offense has been committed. If you find from the evidence that the indictment or accusation in this case was not filed within (insert number) years after the offense was committed, it would be your duty to acquit this defendant.").

the issue was for the court to resolve and an instruction would confuse the jury, and Kadiri's counsel excepted to the ruling. After the charges were given, counsel reiterated his objection to the trial court's failure to give the requested charge on the statute of limitation to the jury.

The jury found Kadiri guilty of DUI per se and speeding, but not guilty of DUI less safe and failure to maintain lane. Kadiri timely moved for a new trial, which motion he later amended, arguing that the trial court should have charged the jury on the statute of limitation, which would have resulted in his acquittal based on failure of proof of the timeliness of his prosecution. Kadiri did not move for an arrest of judgment. After the trial court denied his motion, Kadiri appealed, contending again that the trial court erred by failing to charge the jury on the statute of limitation.

1. As an initial matter, the State argues that Kadiri waived his right to raise this challenge because he failed to file a pre-trial plea in bar to the amended accusation prior to trial. We disagree. Although convoluted, Kadiri is challenging the trial court's denial of his request to instruct the jury on the statute of limitation, which he argues would have resulted in his acquittal based on the failure of the State to present evidence that it began its prosecution of him within two years of the date of the

incident. This is not the same thing as a challenge to the form of the indictment that must be raised in a pre-trial plea in bar.[3] Kadiri presented this issue to the trial court and obtained a ruling, therefore, Kadiri has not waived the issue for appeal.

2. Kadiri argues that the trial court erred by failing to give his requested jury charge regarding the statute of limitation and by denying his motion for new trial as to this issue. We agree.

We review his claim of "legal errors with respect to statute of limitation issues de novo,"[4] review findings of disputed facts for clear error, and "independently apply

---

[3] See *Rivera v. State*, 317 Ga. 398, 405 (1) (a) (893 SE2d 696) (2023) ("[C]hallenges to the form of an indictment must be raised before trial or they are waived, challenges to the substance of an indictment can be raised at any time before, during, or after trial."). See also *Jenkins v. State*, 278 Ga. 598, 604-605, n. 31 (1) (B) (604 SE2d 789) (2004) ("At trial, the burden is unquestionably upon the [S]tate to prove that a crime occurred within the statute of limitation.") (punctuation omitted), quoting *Tuzman v. State*, 145 Ga. App. 481, 483-484 (3) (243 SE2d 675) (1978), overruled on other grounds by *State v. Outen*, 289 Ga. 579, 581 (714 SE2d 581) (2011); *Williams v. State*, 107 Ga. 721, 723 (33 SE 648) (1899) (explaining the meaning of "form of the indictment" and why such errors must be challenged pre-trial).

[4] *State v. Jones*, 371 Ga. App. 652, 653 (902 SE2d 210) (2024).

the law to the facts."[5] Speeding and DUI per se are misdemeanors,[6] and OCGA §

17-3-1 (e) requires that a "[p]rosecution for misdemeanors shall be commenced within

two years after the commission of the crime."[7]

As explained by the Supreme Court of Georgia in *Lee v. State*,[8]

[i]n a criminal case the law is addressed to the court, and the jury is not concerned with questions of law except as the law relevant to the case is given in charge to the jury. Whether an amendment to an accusation or indictment after expiration of the statute of limitations broadens or substantially amends the original charge clearly is an issue of law [on which the trial court should rule].[9]

---

[5] (Punctuation omitted.) *Barker v. State*, 370 Ga. App. 562, 564 (1) (898 SE2d 566) (2024).

[6] See OCGA §§ 40-6-1 (a); 40-6-391 (a) (5), (c) (1); 40-6-181 (b); 17-3-1 (e). Kadiri was acquitted of DUI less safe and failure to maintain lane, so he cannot show harm from any alleged error in the failure to give the statute of limitation jury instruction as to those counts. See *Knox v. State*, 290 Ga. App. 49, 54 (3) (658 SE2d 819) (2008) (explaining that any error in the jury charge was harmless because the charge related to an offense of which the defendant was acquitted); *Hurston v. State*, 278 Ga. App. 472, 475 (2) (629 SE2d 18) (2006) (explaining that any error was rendered harmless because the jury was unable to reach a verdict on the indictment counts that would have been affected by the error).

[7] See also *Barker*, 370 Ga. App. at 564 (1).

[8] 289 Ga. 95, 96 (709 SE2d 762) (2011).

[9] (Citations and punctuation omitted.) Id. at 96.

Here, the original accusation was filed within the statute of limitations, which Kadiri does not dispute, and the two counts for which he was convicted — speeding and DUI per se — were not substantially changed by the amended accusation, a determination that the trial court was authorized to make as a matter of law.[10] But the trial court erred by failing to charge the jury as to the statute of limitation, about which no charge at all was given.[11] The proper procedure in this case was explained by the Georgia Supreme Court in *Lee* — the trial court should have instructed the jury as to the appropriate statute of limitation and then "inform[ed] the jurors . . . that the date of the accusation for [those counts] must be considered to be [May 1, 2020], which was the date of the original accusation."[12]

---

[10] See *State v. Outen*, 296 Ga. 40, 45 (3) (764 SE2d 848) (2014) (explaining that for purposes of the statute of limitation, an amending charging instrument will relate back to the date of the prior charging instrument if: "(1) the prior [charging instrument] was timely; (2) the prior [charging instrument] is still pending; and (3) the later [charging instrument] does not broaden or otherwise substantially amend the original charges."); *Barker*, 370 Ga. App. at 564-565 (1) (explaining that a prosecution commences when a charging document such as a UTC, accusation, or indictment is issued and "continues until there has been a final disposition of the case") (punctuation omitted).

[11] See *Jenkins,* 278 Ga. at 604-605 (1) (B), n. 31.

[12] *Lee*, 289 Ga. at 96. Alternatively, the State could have included the date of the original accusation in its amended accusation or have provided the original accusation

In this case, the State offered evidence of when the crimes occurred, but wholly failed either to offer any proof of when the prosecution was commenced or to request the trial court to give the jury any guidance in that regard. As a result, the jury had before it only the date on which the amended accusations were filed, and not the date of the original accusations. Furthermore, the undisputed evidence showed that the alleged offenses occurred more than two years before the date of the amended accusations. Therefore, the jury was not authorized to find that the crimes occurred within the applicable statute of limitations as set out in OCGA § 17-3-1 (d), nor was the trial court authorized to prohibit Appellant from arguing to the jury the only dates which were before it.[13]

In an attempt to save the case, the State argues that the UTCs issued by the officer on the date of the incident can be considered as commencing the prosecution for purposes of having proved the issue to the jury. It is true, generally speaking, that in state court proceedings like this one that a prosecution can proceed on a UTC instead of an accusation or indictment.[14] Nevertheless, there remains the issue of

_____

to the jury, as noted by Kadiri. We note that Kadiri was incorrect in calling it an exception to the statute of limitation because it was simply an amendment.

[13] Id. at 97.

[14] *Prindle v. State*, 240 Ga. App. 461 (1) (523 SE2d 44) (1999) ("A uniform traffic citation serves as an accusation in any court having jurisdiction over the offense, except superior court[,]" which did not preside over Kadiri's prosecution.)

failure of proof to the jury.[15] There is nothing in the record to indicate that copies of the UTCs were provided to the jury during deliberation (only the amended accusation appears to have been sent out with them), and the only testimony regarding issuance of the UTCs is the passing reference quoted above, which does not mention the date of issuance or even make reference to whether the officer issued a UTC for the DUI per-se count. Accordingly, the State failed to establish to the jury that prosecution of the crimes was commenced within the applicable statute of limitation, the trial court failed to charge the jury as to the issue, and the judgment must, therefore, be reversed.

*Judgment reversed. Watkins, J., concurs. Hodges, J., concurs fully and specially.*

---

[15] See *Lee*, 289 Ga. at 97. Compare *Barghi v. State*, 334 Ga. App. 409, 413-414 (2) (779 SE2d 373) (2015) (explaining that in a bench trial the trial court sitting as finder of fact could rely on certain other evidence to find that the prosecution was not time-barred).

A24A1255. KADIRI v. THE STATE.


HODGES, Judge, concurring fully and specially.

I concur fully with the majority's correct and well-written opinion. I agree that, under the circumstances of this case, the trial court erred by failing to give Kadiri's requested jury charge regarding the statute of limitation and by denying his motion for new trial as to that issue. I write separately to highlight my concerns with the State's failure to take the necessary steps to enable this Court to sustain the jury's guilty verdicts in this case.

"The State was required to offer evidence or proof that the crimes charged occurred within the applicable statute of limitation." (Citation and punctuation

omitted.) *Lee v. State*, 289 Ga. 95, 97 (709 SE2d 762) (2011). However, as noted by the majority, though the State in this case offered evidence of when the crimes occurred, it "wholly failed either to offer any proof of when the prosecution was commenced or to request the trial court to give the jury any guidance in that regard." Id. The State could have introduced the original accusation showing that the prosecution commenced within the statute of limitation. Or it could have included the date of the original accusation in its amended accusation. Or it could have introduced the uniform traffic citations, so long as they provided "at least a bare minimum of facts alleging *how* the defendant violated the Code section or at least track[ed] the language of the Code section—not just the title of the Code section—to set out all of the elements of the offense." (Citation and punctuation omitted; emphasis in original.) *Barker v. State*, 370 Ga. App. 562, 566 (1) (898 SE2d 566) (2024); see id. at 564 (1) (noting that "a uniform traffic citation serves as an accusation in any court having jurisdiction over the offense, except superior court") (citation and punctuation omitted). Or it could have done any number of other things to ensure that it met its burden of showing that the crimes charged occurred within the applicable statute of limitation. But the State did nothing. In fact, as pointed out by the majority, the only evidence in the record regarding the prosecution of these crimes was the amended accusation, which showed

on its face that the crimes charged did not occur within the applicable statute of limitation.

Had the State exercised greater care in presenting evidence to meet its burden of proof with respect to the applicable statute of limitation, judicial resources would not have been wasted on a case where the record — but not the evidence submitted to the jury — is undisputed that the crimes charged did, in fact, occur within the applicable statute of limitation. Accordingly, with these concerns in mind, I concur fully with the majority opinion and urge representatives of the State to ensure that they are taking the necessary steps to offer evidence or proof that the crimes charged occurred within the applicable statute of limitation.